Thomas Brickell, Appellant, *v.* The New York Central and Hudson River Railroad Company, Respondent.

The rule requiring a traveler on a highway, on approaching a railroad crossing, to have senses alert to discover and avoid danger from an approaching train, is not relaxed in favor of one who is being carried in a vehicle owned and driven by another; it is no less the duty of the passenger, where he has the opportunity to do so, than of the driver, to learn of danger and avoid it, if practicable.

Where, therefore, in an action to recover damages for an injury occasioned by a collision at a crossing, it appeared that plaintiff was riding in a buggy, seated by the side of the driver, who had been hired to carry him; that an approaching train could be seen for some distance from the crossing, the location of which was well known to both; but that neither made any effort, by looking or listening, to discover such approach after they came within 200 feet of the crossing, *held*, that plaintiff was properly nonsuited.

The rule that the negligence of a driver of a vehicle may not be imputed to a passenger in an action to recover damages for injuries alleged to have been occasioned by defendant's negligence, is only applicable to cases where the relation of master and servant or principal and agent does not exist, or where the passenger is seated away from the driver, or is separated from him by an inclosure and is without opportunity to discover danger and to inform the driver of it.

(Argued March 14, 1890; decided April 22, 1890.)

Appeal from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made November 15, 1887, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at the circuit.

This action was brought to recover damages alleged to have been sustained by plaintiff from a collision between the wagon in which plaintiff was riding and the engine hauling a train of the defendant at a highway crossing of defendant's road near Palmyra.

The plaintiff was riding and occupying the same seat with the driver of a single horse before a buggy wagon, and paid the driver for carrying him a short distance from a station on

the Central road to the village of Palmyra. In so doing it became necessary to cross the track of the West Shore railroad, where the collision occurred. The time was in the early part of the afternoon, and it had been snowing somewhat before and the wind was blowing while plaintiff was being carried in the buggy with the top raised and closed, except its front, to the crossing. The evidence given by the plaintiff and the driver, together with that given by every other witness sworn in behalf of plaintiff, was to the effect that the West Shore railroad can be seen for a good distance at many points on the route, and especially at the south end of a bridge which the plaintiff and his driver crossed in reaching the crossing where the collision took place, a distance of some one or two hundred feet from the bridge; that the plaintiff and the driver made no further effort after leaving and while passing over the space between the bridge and the crossing to learn whether a train of cars might be approaching, but drove along at a brisk trot till they got within about thirty yards of the crossing, when they or the horse (probably the horse) first heard the sound of the train approaching the crossing. It does not appear what the plaintiff and driver were engaged in up to this point from the time of leaving the south end of the bridge.

*C. H. Sedgwick* for appellant. Plaintiff's contributory negligence was one of fact upon which the jury should have passed judgment. His acts were not inconsistent with ordinary human care and prudence. (*Greaney* v. *L. I. R. R. Co.*, 101 N. Y. 423, 424; *McCallum* v. *L. I. R. R. Co.*, 38 Hun, 572, 597; *Little* v. *Hackett*, 116 U. S. 366, 371, 381; *S. C. S. R. Co.* v. *Eadie*, 43 Ohio St. 91; *W. S. T. & P. R. Co.* v. *Shacklet*, 105 Ill. 364; *McClain* v. *B. C. R. R. Co.*, 116 N. Y. 470; *N. Y., L. E. & W. R. Co.*, v. *Steinbreiner*, 47 N. J. L. 161; *Dyer* v. *E. R. R. Co.*, 71 N. Y. 223; *P. W. & B. R. R. Co. v. Hogeland*, 9 East. 292; *Robinson* v. *N. Y. C. R. R. Co.*, 66 N. Y. 11; *B. C.* v. *Brisbane*, 57 Am. Rep. 483, 488, 489–511; 36 Alb. L. J. 363.) Even if the rule of imputed negligence can be strained to cover this case, the question of Pulver's

negligence should have been submitted to the jury. ( *Voak* v. *N. Y. C. & H. R. R. R. Co.*, 75 N. Y. 320; *Cuyler* v. *Decker*, 20 Hun, 175; *Stackus Case*, 79 N. Y. 464–469; *Kellogg* v. *N. Y. C. & H. R. R. R. Co.*, 79 id. 76; *Masterson* v. *N. Y. C. & H. R. R. R. Co.*, 84 id. 247; *Shaw Case*, 86 id. 616; *Davis Case*, 47 id. 400, 402.)

*M. M. Waters* for respondent. The plaintiff was not excused from the duty of both looking and listening by the fact that Pulver was with him and driving, even though it be conceded that plaintiff had neither the control of nor the right to control the horse. (*Hoag* v. *N. Y. C. & H. R. R. R. Co.*, 111 N. Y. 199, 202, 203.) It is now generally accepted " that it is in law dangerous, and, therefore, a negligent act, unless explained and justified by special circumstances, to attempt to cross a railroad track without looking for approaching trains." (*Solomon* v. *M. R. Co.*, 103 N. Y. 437, 443.) When plaintiff has been guilty of omitting the duties of looking and listening, and relies upon special circumstances to explain the omission, he has the burden of establishing the fact that the special circumstances are such as to show that both precautions were impossible or unavailing. (*Tolman* v. *B. & N. Y. R. R. Co.*, 98 N. Y. 198, 204; *McCall* v. *N. Y. C. R. R. Co.*, 54 id. 642.) Plaintiff has the burden of proving that he was not guilty of contributory negligence. (*Lee* v. *T. C. G. L. Co.*, 98 N. Y. 115; *Bronk* v. *N. H. R. R. Co.*, 110 id. 671.) The question in this case is not a question of imputed negligence, but merely as to plaintiff's own negligence. (*McGuire* v. *Spence*, 91 N. Y. 302, 305; *Cullen* v. *D. & H. C. Co.*, 113 id. 668.)

Potter, J. The evidence in this case indicates to my mind not merely a failure to show that absence of freedom from contributory negligence which is necessary to be shown upon the behalf of the plaintiff in order to sustain a recovery for negligence upon the part of a railroad company, but clearly and beyond any question the actual existence of negligence of the driver

and of the plaintiff which contributed to the plaintiff's injury. The excuse attempted to be set up for such conduct, that the top of the buggy and the snow and wind rendered it more difficult to hear the noise of an approaching train, seems to prove and emphasize their carelessness and want of attention in making an effort under those circumstances to learn there was no train approaching the crossing. They well knew of this condition of things, and of the location and surroundings of the crossing, and that they were called upon to use more than ordinary prudence in effecting the crossing under such circumstances.

The general rule in this class of cases is that the burden of establishing affirmatively freedom from contributory negligence is upon the plaintiff or, in the language of the opinion in *Tolman* v. *S. B. & N. Y. R. R. Co.* (98 N. Y. 202), that "plaintiff approached the crossing where the collision and injury occurred with prudence and care, and with senses alert to the possibility of approaching danger."

And this rule obtains even where the railroad company neglects to ring its bell or sound its whistle as required when its trains approach a crossing. (*Cullen* v. *D. & H. C. Co.*, 113 N. Y. 668.)

Nor do I think that this rule is to be relaxed in favor of the plaintiff because of the fact that he was being carried in a vehicle owned and driven by another. The rule that the driver's negligence may not be imputed to the plaintiff should have no application to this case. Such rule is only applicable to cases where the relation of master and servant or principal and agent does not exist, or where the passenger is seated away from the driver or is separated from the driver by an enclosure and is without opportunity to discover danger and to inform the driver of it. (*Robinson* v. *N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 11.)

It is no less the duty of the passenger, where he has the opportunity to do so, than of the driver, to learn of danger and avoid it if practicable.

The plaintiff was sitting upon the seat with the driver, with the same knowledge of the road, the crossing and environ-

ments, and with at least the same, if not better, opportunity of discovering dangers that the driver possessed, and without any embarassment in communicating them to him.

The rule in such case is laid down in *Hoag* v. *N. Y. C. & H. R. R. R. Co.* (111 N. Y. 199), where husband and wife were sitting upon the same seat in a vehicle driven by the husband, and both were killed by a collision at a crossing, and in an action brought by the administratrix of the wife against the railroad company it was held " that she had no right, because her husband was driving, to omit some reasonable and prudent effort to see for herself that the crossing was safe." " She was bound to look and listen."

The judgment should be affirmed, with costs.

All concur except FOLLETT, Ch. J., not sitting, and BRADLEY, J., not voting.

Judgment affirmed.