(26 App. Div. 451.)

### MEENAGH v. BUCKMASTER.

(Supreme Court, Appellate Division, Second Department.   March 8, 1898.)

1. IMPUTED NEGLIGENCE.

   The general rule that the negligence of the driver of a vehicle is not to be imputed to a passenger therein, who at the time has no authority to direct his movements or control his actions, is subject to the qualification that it is the duty of the passenger, where he has the opportunity to act, to learn of the danger, and avoid it if practicable.

2. EVIDENCE—COMPETENCY.

   In an action to recover damages for injuries due to defendant's alleged negligence in placing in a street in Newburgh a quantity of refuse, the court permitted proof, under plaintiff's objection, that it was not the custom in that city to place lights upon obstructions in the streets at night. *Held*, that the fact that plaintiff's counsel had previously called out testimony that there was such a custom, had opened the door for this proof in rebuttal, and cut off plaintiff's right to complain thereof.

Appeal from trial term.

Action by John Meenagh against John Buckmaster. From a judgment entered on a verdict, and from an order denying plaintiff's motion for a new trial, he appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Jonathan Deyo, for appellant.

A. H. F. Seeger, for respondent.

HATCH, J.   This action was brought to recover damages for an injury sustained by the plaintiff on account of the negligence of the defendant in causing to be placed in the streets of the city of Newburgh a quantity of refuse matter consisting of earth taken from an excavation and rubbish from a building. There was a considerable quantity of this material. It was placed in the street, and permitted to remain over night, and no light or other signal was placed upon it to indicate its presence in the street. The plaintiff was invited to ride with one Kernahan, and, as they were driving through the street the vehicle in which they were riding came in contact with the pile of rubbish, the plaintiff was thrown out, and sustained injuries for which a recovery is sought. The evidence given upon the trial tended to establish that the horse was being driven at a rapid rate of speed prior to and at the time when it came in contact with the obstruction. The evidence justified the jury in finding that the rate of speed and manner in which the horse was driven constituted negligence upon the part of the driver. There was also evidence which authorized the jury to find that, if the driver and the plaintiff had

exercised care, they might have seen the obstruction, and there was abundance of room in the street to pass it without contact.

The main questions which are presented for our consideration rest upon the refusal to charge as requested by the counsel for the plaintiff, and also upon errors in rulings by the court upon the trial. The request which the court refused to charge is in these words:

"I ask your honor to charge the jury that, if they find that the plaintiff in no wise contributed to the fast driving, they are not to consider such driving as bearing on the question of plaintiff's contributory negligence."

The general rule is recognized that the negligence of the driver of the vehicle is not to be imputed to a passenger therein, who at the time has no authority to direct his movements or control his actions. Such rule, however, is subject to the qualification that it is the duty of the passenger, where he has the opportunity to act, to learn of the danger, and avoid it if practicable. Brickell v. Railroad Co., 120 N. Y. 290, 24 N. E. 449. None of the cases upon this subject assume to do more than lay down a general rule, which may be modified by the circumstances of the particular case. Robinson v. Railroad Co., 66 N. Y. 11; Hoag v. Railroad Co., 111 N. Y. 199, 18 N. E. 648. It follows that in the consideration of such questions each case must be disposed of upon its particular facts. Therefore we must consider the evidence and the general charge of the court upon the subject. The evidence, as we have before observed, tended to establish that the horse was being driven at a rapid and reckless rate of speed, and that care and attention would have discovered the obstruction, and avoided it. Under these conditions the court charged:

"If Kernahan was intoxicated, or his manner of driving was so heedless or careless as that Meenagh, in the exercise of ordinary care, would have perceived it, and he failed to do so, and to remonstrate with Kernahan, he was chargeable with contributory negligence for continuing to ride with him; because, if it occurred to Meenagh's mind that the driving was dangerous and careless, and he assented to it, then he was a party to it. As to the plaintiff's own negligence, a passenger has no right, because some one else is driving, to omit some reasonable and prudent effort to see for himself the danger, if there was a danger, and to avoid it."

We think this charge is correct as applied to the facts of this case. We must assume that, in the exercise of reasonable care and prudence, the plaintiff could have observed the obstruction. Under such circumstances he ought not to remain passive. The situation required upon his part some affirmative act, either of remonstrance to the driver or by way of attracting his attention to the obstruction. He could not remain inert and shelter himself under the claim that he had no control of the horse or the driver. The jury might well say that reasonable care on his part would have restrained the driver from going at a reckless rate of speed, or have enabled him to avoid the obstruction. The request to charge leaves out these elements, and consequently no error was committed in refusing to charge it. On the contrary, we think the general charge fully covered this subject, and was all to which the plaintiff was entitled. We may assume that the permit which was issued by the city of Newburgh to Sager, authorizing him to place building material in the street, was no protection to the defendant, and that it was improperly received as evi-

dence.   Upon this subject counsel for the plaintiff made the following requests:

"I ask your honor to charge that a consent given by a corporation to place an obstruction in a public street, does not relieve the party, to whom the consent is given, from liability in an action against that party, when such action is based on the wrongful manner in which the act is done."   "And I ask, in view of that, that the court charge that the consent or permission of the corporation, introduced in evidence in this case, does not relieve the defendant from an action for negligence."

The court charged both of these requests, and thereby eliminated from the consideration of the jury the permit which had been received in evidence.   The jury was bound to treat it as constituting no defense to the action, in consequence of which this evidence became immaterial, and the ruling was cured by the charge.

The court permitted proof, under the objection of the plaintiff, that it was not the custom in the city of Newburgh to place lights upon obstructions which remained in the streets over night.   This ruling would be clear error, and could not be sustained were it not for the fact that the plaintiff opened the door to such inquiry by asking, "What is the custom as to putting lights in excavations?" to which the witness replied, "They are supposed to have a light on a place like that at night."   The plaintiff seeks to avoid the force of this by the claim that his inquiry related to excavations, and not to obstructions.   Such is the form of this question, but the witness evidently understood that it related to this obstruction, or one of a similar character.   His answer applied to the obstruction alone, as there was no reference to any excavation constituting an obstruction to the highway; and we think it clearly related to obstructions of this character, and that the witness in giving his answer, and the jury in hearing it, must have so understood.   The plaintiff therefore could not complain of testimony to rebut what his evidence tended to establish.   We find no reversible error in the case, nor any other question justifying further discussion.

The judgment and order should be affirmed, with costs.   All concur.