[L. A. No. 1419.   In Bank.—April 5, 1906.]

## PAUL BRESEE and ADA BRESEE, Respondents, v. LOS ANGELES TRACTION COMPANY et al., Appellants.

Order Granting New Trial—Specification of Ground—Review upon
Appeal.—The specification of a particular ground on which a new
trial was granted, which does not in express terms exclude other
grounds, does not limit this court upon appeal from the order,
which may review any other ground except that of conflicting
evidence to support the verdict or decision.

Id.—New Trial for Improper Evidence—Collision—Injury to Guest
of Driver—Knowledge of His Negligent Habits—Inapplicable
Rule.—Where plaintiff was injured through collision with an
electric car with a carriage in which she was riding as guest of
the driver, though evidence of his previous careless habits in
similar dangers, if connected with evidence of her knowledge thereof,
was admissible on the question for the jury whether she exercised
ordinary care in keeping a lookout and warning the driver to a
prudent course, yet this rule is inapplicable to evidence merely
of the driver's previous habits of driving with loose reins, where

the accident was not attributable thereto, and the court had large discretion to grant a new trial for the improper admission of such evidence.

ID.—IMPROPER INSTRUCTION AS TO NEGLIGENCE OF MOTORMAN—INAPPLICABILITY TO EVIDENCE.—The granting of the new trial was also justified by an improper instruction that it was not negligence on the part of the motorman of the electric car "to assume that a person will not attempt to cross the track in front of an approaching car, which is so near as to render a collision probable," where there was evidence that the car was running at a high speed in the night-time, and in the thickly settled portion of the city, and the failure of those in the carriage to perceive the danger might be entirely due to the excessive speed of the car, and to their inability in the darkness to detect it, and to comprehend the shortness of the time required for the car to reach the crossing.

ID.—OBLIGATION OF MOTORMAN FOR DUE CARE—GROSS NEGLIGENCE—QUESTION FOR JURY.—Due care would require the motorman, if running at a dangerous rate of speed, under the circumstances in evidence, to anticipate the probability that persons might attempt to cross the track without apparent danger, the reality of which reasonably arose from his own gross carelessness; and it should have been left for the jury to say whether or not his speed was so great that he should have assumed that persons might ignorantly attempt to cross the track so near as to make a collision probable.

ID.—UNLAWFUL SPEED OF CAR—NEGLIGENCE AS MATTER OF LAW.—At the time of the accident it was unlawful to propel a street-car at a rate exceeding eight miles per hour, and a speed in excess of that rate constituted negligence as matter of law, and rendered the party operating the car liable for any injury caused by such excessive rate.

ID.—IMPROPER INSTRUCTION AS TO PROXIMATE CAUSE.—The granting of the new trial was further justified by an improper instruction as to proximate cause, which implied a fact not physically possible, and assumed that if the injuries would have resulted from the collision had the speed been less than eight miles per hour, any excess of speed above that rate was not a proximate cause of the collision, and could not render the defendants liable. In such case, whatever additional injury was due to the excessive rate was an injury proximately caused by the defendants' negligence and would render the defendants liable therefor in the absence of plaintiff's contributory negligence.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial.   D. K. Trask, Judge.

The facts are stated in the opinion of the court.

E. E. Milliken, for Appellants.

J. L. Murphey, for Respondents.

SHAW, J.—This is an action by the plaintiffs to recover damages for injuries to the plaintiff Ada Bresee, alleged to have been caused by the negligence of the defendants. Paul Bresee is the husband of Ada Bresee, and is made a party solely for that reason. The wife will hereafter be referred to as the plaintiff. The plaintiff was riding in a two-seated canopy-top carriage, driven by P. F. Bresee, along Hill Street in the city of Los Angeles, at about 10 o'clock at night, and in crossing the track of the defendant company a car, under the management of the defendant Majonnier as motorman, ran against the carriage and threw the plaintiff with great force and violence to the ground and thereby severely bruised and injured her. The particular negligence charged against the defendants in the complaint is that the car was being propelled along the street at an unlawful, excessive, and reckless speed. The answer pleads contributory negligence on the part of the plaintiff. The jury having returned a verdict for the defendants, the plaintiffs moved for a new trial on the minutes of the court, and in the notice of intention so to do set forth a number of grounds, embracing errors in rulings upon evidence and in giving and refusing of instructions, and that the evidence in several particulars was insufficient to sustain the verdict. The motion was granted, and from the order the defendants appeal.

The order granting the new trial is in the following words: "The motion of plaintiffs for new trial is granted on the ground that evidence relating to Dr. P. F. Bresee's habits of driving on occasions other than that of the accident was improperly admitted, opinion filed."

It is contended by the defendants that the limitation expressed in the order excludes from our consideration the sufficiency of the evidence upon any and every point upon which it is conflicting. The order, it will be seen, does not expressly declare that the motion was denied, so far as it was based on other grounds than those mentioned therein, and therefore it does not affirmatively exclude the other grounds from our consideration. In *Kauffman* v. *Maier*, 94

Cal. 277, [29 Pac. 481], it was said upon this subject: "If the trial court in its order granting a new trial, excludes this as a ground of its action *by direct language,* and the record shows that there was a conflict of evidence," this court will not re-examine the evidence. (The italics are ours.) In that case the lower court did, by direct language, exclude the ground that the evidence was insufficient and declared that, so far as that ground was concerned, the motion was denied, and hence the decision is not a precedent for the present case, where this ground, if excluded at all, is excluded by implication only, and by force of the rule "expressio unius est exclusio alterius." We do not find it necessary to decide whether or not the order in question should be construed to prevent a review of the evidence by this court. It is the established rule of practice that such an order, even if it is expressly limited to a single ground, does not exclude from review on appeal any of the grounds upon which the new trial was asked, except that of the sufficiency of conflicting evidence to support the verdict or decision. (*Kauffman* v. *Maier,* 94 Cal. 277, [29 Pac. 481]; *Thompson* v. *California Con. Co.,* 148 Cal. 35, [82 Pac. 367]; *Simon Newman Co.* v. *Lassing,* 141 Cal. 175, [74 Pac. 761]; *Swett* v. *Gray,* 141 Cal. 69, [74 Pac. 439]; *Siemsen* v. *Oakland etc. Ry.,* 134 Cal. 496, [66 Pac. 672]; *People* v. *Castro,* 133 Cal. 12, [65 Pac. 13]; *Newman* v. *Overland etc. Co.,* 132 Cal. 74, [64 Pac. 110]; *Churchill* v. *Flournoy,* 127 Cal. 362, [59 Pac. 791].)

It is conceded on both sides that the plaintiff was a mere guest of P. F. Bresee at the time of the accident, and had neither the control of, nor the right to control, the driving of the carriage, and that under such circumstances, the carelessness of the driver, P. F. Bresee, contributing to the injury cannot be imputed to her so as to constitute contributory negligence on her part; that to sustain the defense of contributory negligence the defendant must prove personal failure of plaintiff to exercise ordinary care. In the discussion of the evidence, to show such contributory negligence of plaintiff, it will be assumed that P. F. Bresee did drive upon the track imprudently near the approaching car and that his negligence contributed to the plaintiff's injury.

The contention of the defendant on this point is that P. F. Bresee was a careless driver with respect to the act of passing

in front of cars while driving about the streets; that he had a disposition to cross tracks in front of and dangerously near to approaching cars; that she knew his character in that respect, and that, so knowing, she did not look to see if a car was approaching when she saw that he was about to cross the track, or, if she saw it, did not warn him, nor make an effort to have him desist from the attempt, or that she did not make the extra effort in these particulars that ordinary care demanded of her, in view of her knowledge of his careless character; that if she had made such effort he would have been deterred from crossing and she would have been unhurt, and hence, that her own lack of care contributed to her injury.

The evidence on this question, referred to in the order granting a new trial, consisted of testimony to the effect that P. F. Bresee had been for many years almost constantly driving about the city with the same horse and carriage; that on five occasions prior to the accident he had been seen to drive in front of cars so near thereto that the witnesses testifying considered it carelessly and dangerously near; that he usually drove with a loose rein and held the reins loosely in one hand, frequently driving with his head down, or turned to the rear conversing with others riding with him, and that he did not seem to be observant of other cars or vehicles approaching him.

This evidence was not introduced for the purpose of proving that P. F. Bresee negligently drove in front of the car on the occasion of the accident. The defendants relied on other evidence to prove that fact, and so stated to the court. The question of its admissibility for that purpose is therefore not involved, and this must be kept carefully in mind. It was offered and admitted expressly for the purpose of showing the character of P. F. Bresee as a careless driver. In that connection, and in order to make it relevant, it was further proposed by the defendants to show that plaintiff, at the time, knew, or should have known, his character in that respect.

It is first to be noted that the cases on the subject of the introduction of such evidence of character or previous habits to prove the fact of negligent driving on the occasion of the accident, are not applicable to the question now under consideration. Upon that question there is much

confusion and considerable conflict in the authorities. We think the admissibility of the evidence, for the purposes for which it was here offered, depends upon different conditions and upon a difference in the issue to which it is directed.

The purpose of the evidence was to lay a foundation for the application of the familiar rule that the degree of care necessary to constitute the ordinary care required of a person upon any particular occasion is measured by reference to the circumstances of danger and risk known to such person at the time. When the negligence of a person upon a particular occasion is in issue, it is usually, if not always, permissible to prove every fact, known to such person at the time, which would have a reasonable tendency to increase or decrease the risk and danger of a particular course of action. There are numerous instances of the application of this rule which are somewhat analogous to the case at bar, though we have not found any case precisely to the same point. Thus, vicious habits of an animal may be proven to show that it was negligence to allow it to go at large or unmuzzled, and particular exhibitions of such viciousness, of which the owner has knowledge, may be shown as evidence of the vicious disposition and of the neglect in issue. (*Judd* v. *Claremont*, 66 N. H. 419, [23 Atl. 427] ; *Lynch* v. *Richardson*, 163 Mass. 160, [39 N. E. 801, 47 Am. St. Rep. 444] ; *Muller* v. *McKesson*, 73 N. Y. 199, [29 Am. Rep. 123] ; 1 Wigmore on Evidence, sec. 251.) And lack of skill of an employee, and particular instances thereof, may be shown, coupled with knowledge thereof by the employer, to prove negligence of the employer in hiring or retaining him. (*Pittsburgh etc. Co.* v. *Ruby*, 38 Ind. 312, [10 Am. Rep. 111] : *Michigan Central R. R.* v. *Gilbert*, 46 Mich. 179, [9 N W. 243] ; *Davis* v. *Detroit etc. R. R. Co.*, 20 Mich. 120, [4 Am. Rep. 364] ; 1 Wigmore on Evidence, secs. 208, 250.) Although the rule is, as conceded here, that a person who is injured while riding in a vehicle driven by another is not chargeable with the contributory negligence of the driver in which he did not participate, yet such person is not absolved from all personal care, but is required to exercise ordinary care to avoid the injury. (*Dean* v. *Pennsylvania R. R. Co.*, 129 Pa. 514, [18 Atl. 718, 15 Am. St. Rep. 733] ; *Michigan City* v. *Boeck-*

*ling,* 122 Ind. 39, [23 N. E. 518]; *Brickell* v. *New York Central R. R.,* 120 N. Y. 290, [24 N. E. 449, 17 Am. St. Rep. 648]; *Nesbit* v. *Garner,* 75 Iowa, 314, [39 N. W. 516, 9 Am. St. Rep. 486]; 1 Shearman & Redfield on Negligence, sec. 66a.)   The character and habits of the driver of the carriage with respect to similar dangers, if known to the plaintiff, would naturally have some effect on her own conduct on the particular occasion, in keeping a lookout for the danger herself, in giving him warning, and in enjoining on him a prudent course; and in order to enable the jury to determine whether or not she exercised ordinary care in that respect, it was proper to give evidence of such character and habits, coupled with proof of knowledge thereof on her part.   These observations and conclusions, however, are not applicable to the evidence of the driver's previous habits of driving with a loose rein, or of holding the reins loosely in one hand. These habits would not tend to prove either a careless habit of driving in front of cars too close for safety or a disposition to do so.   It was not claimed that the accident was attributable to his lack of control over the horse due to his manner of holding the reins.   This evidence was not pertinent to any issue in the case and was improperly admitted. Although it was probably of slight importance, yet, in view of the large discretion committed to the judge of the trial court in the matter of granting a new trial, we cannot say it was not properly granted on that ground.   We do not consider it necessary to consider the question of the sufficiency of the evidence to show plaintiff's knowledge of the driver's habits and character and of the particular instances of his negligence.   Upon another trial the court can, if deemed best, direct the order of proof so that the evidence of such knowledge on her part shall be first introduced, and if no sufficient evidence to go to the jury is offered on that point, or in respect to some of the instances, the corresponding evidence thereof can be excluded.

At the request of the defendant the court instructed the jury with respect to the conduct of the motorman that "It is not negligence on the part of such motorman to assume that a person will not attempt to cross the track in front of an approaching car, which is so near as to render a collision probable."   The probability of a collision between a moving

car and a vehicle crossing in front of it depends largely upon the speed of the car; and the action of a careful person attempting to cross, in choosing the distance at which to cross in front of such car, will depend upon his knowledge, and means of knowledge, of the speed with which the car is approaching him. There was evidence strongly indicating, if not absolutely demonstrating, that the car in question at the time of the accident was running at a speed of at least twenty-five or thirty miles an hour. This was in the night-time and upon a street in the thickly settled portion of the city. With the car going at such tremendous speed, it is not unlikely that persons about to cross the track might choose a place so near as to make collision probable, and yet, from their point of view, it might seem entirely reasonable and safe for them to cross at the place selected. Their failure to perceive the danger might be entirely due to the excessive speed of the car, and to their inability in the darkness to detect it and comprehend the shortness of the time required for the car to pass over the distance between it and the place selected for the crossing. The motorman must be assumed to know approximately the speed of his car. Under such circumstances, and while running at such excessive speed, it cannot be said, as a matter of law, that the motorman ought not reasonably to have expected that persons might attempt to cross the track at a point which would in fact be dangerously near, but which to them would not appear so. The circumstances might be such as to charge him with knowledge of this likelihood. Due care would require him in that case to anticipate such probability reasonably arising from the consequences of his own gross carelessness. The court, therefore, should not have stated as a matter of law that the motorman, under the circumstances, had a right to assume that persons would not cross dangerously near in front of him. It should have been left to the jury to say whether or not his speed was so great that he should have assumed that persons might ignorantly attempt to cross so near as to make a collision probable.

The court also, at the request of the defendants, instructed the jury with respect to the proximate cause of the injury, as follows: "If you believe from the evidence that said collision, and the injuries so sustained by said Ada Bresee, would

have resulted, even had said car been operated at a rate of speed not in excess of eight miles per hour at the time the vehicle in question was turned to cross the railway tracks, then any rate of speed in excess of eight miles per hour that said car may have been running at said time, was not a proximate cause of said collision, and cannot render the defendants liable in this action.'' This instruction implies a fact not physically possible,—namely, that an injury caused by being thrown with great force and violence from the carriage to the ground would have been as great if the force and violence had been less than it actually was, the other circumstances being precisely the same. The action of force and violence, other things being the same, is mechanical and absolute, and it is impossible that different degrees of force should produce the same results, where all other circumstances are precisely the same. So far as the mere fact of the collision was concerned, it may be that, although the speed of the car was more than eight miles an hour, it would have occurred had the speed been less. The injury complained of, however, was alleged to have been directly caused by the impact of the plaintiff's body against the ground, and its extent would necessarily depend upon the force of the impact, and that force would depend on the speed of the car. Any increase in the speed would, necessarily, add to the force and, consequently, to the extent of the injury. At the time this accident happened it was unlawful to propel a street car along the streets of the city at a rate exceeding eight miles an hour, and a speed in excess of that rate constituted negligence, as a matter of law, and rendered the party operating the car liable for any injury caused by such excessive rate. Whatever additional injury, therefore, was due to the excess of speed over eight miles an hour, was an injury caused by the defendants' negligence. The excess in the speed over that rate, an excess which is assumed by the instruction in question, must have been the direct cause of such additional injury. This additional injury from such negligence would render the defendants liable in the action, in the absence of plaintiff's contributory negligence. If the instruction had been limited to the happening of the collision alone, it might not have been objectionable in this respect, although even in that case it is metaphysical in form and would have tended to confuse

the jury. But in the assertion that, under the circumstances stated, the excess of speed could not render the defendants liable in the action, it was erroneous. In either event it should not have been given.

The order is affirmed.

Beatty, C. J., Henshaw, J., Lorigan, J., Sloss, J., and Angellotti, J., concurred.

Rehearing denied.