[S. F. No. 6939. Department Two.—April 28, 1915.]

THOMAS LYNN, Appellant, v. J. W. GOODWIN, Respondent.

NEGLIGENCE — COLLISION OF AUTOMOBILE — EVIDENCE OF INTEMPERATE HABITS OF PLAINTIFF'S DRIVER—INTOXICATION AT TIME OF ACCIDENT.—In an action by a passenger in an automobile to recover for personal injuries resulting from a collision with another automobile, the admission of evidence of the intemperate habits of the driver of the plaintiff's automobile and that in times past he had frequently driven in an intoxicated condition and had been subject to seizures when at the wheel which temporarily made him helpless and unable to control his machine, is without prejudice, if the evidence establishes that at the time of the accident the driver was under the influence of liquor and the plaintiff must have known it.

ID.—INDEPENDENT NEGLIGENCE OF PASSENGER—KNOWLEDGE OF DRIVER'S INTOXICATION.—While in general the negligence of the driver of a vehicle is not imputable to a passenger so as to bar that passenger's right of recovery, yet the conduct of the plaintiff in riding and in continuing to ride in an automobile when he must have known that the driver was intoxicated, established independent negligence upon his part, apart from the driver's negligence, barring the right of recovery.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order refusing a new trial. J. R. Welch, Judge.

The facts are stated in the opinion of the court.

Rogers, Bloomingdale & Free, for Appellant.

Wright, Wright & Stetson, Louis O'Neal, and James P. Sex, for Respondent.

HENSHAW, J.—Plaintiff sought damages for personal injuries to himself arising out of an automobile collision. The case was tried before the court without a jury, and the findings of the court were that P. W. Metcalf was driving the car in which plaintiff was seated; that Metcalf approached a wagon with a large load of brush; that the load of brush was nine feet or more in width and obstructed the view of Metcalf and plaintiff and prevented them from seeing the

roadway in front; that they turned to the left to pass this load of brush and collided with defendant's automobile. This automobile was in all respects being carefully and prudently handled, saving that it was being driven at a speed of about twenty-five miles an hour. Metcalf was driving his automobile at about twenty miles an hour. The collision would probably have taken place if defendant's automobile had been traveling at a rate of speed of twenty miles an hour. The collision would not have taken place if Metcalf had not driven his automobile to the extreme westerly side of the road and across the pathway which was being followed by the automobile of defendant. The automobile of defendant was at the extreme right hand part of the road, where it should have been. Metcalf's recklessness in driving was the direct, proximate and primary cause of the collision, and Metcalf when so driving and when the accident occurred was under the influence of liquor and was drunk. Plaintiff, his companion, knew this, and a reasonably prudent person would not have ridden in the automobile with Metcalf in his condition of inebriety.

Evidence of Metcalf's intemperate habits was admitted and also evidence that in times past he had frequently driven in an intoxicated condition and had been subject to seizures when at the wheel which temporarily made him helpless and unable to control his machine. It is argued that the admission of this evidence was incompetent. Without passing upon this question, suffice it to say that it was not injurious, for the evidence was abundant that at the time of the accident Metcalf was under the influence of liquor and plaintiff must have known it. While it is true that in general the negligence of the driver of a vehicle is not imputable to a passenger so as to bar that passenger's right of recovery (*Breese* v. *Los Angeles Traction Co.*, 149 Cal. 131, [5 L. R. A. (N. S.) 1059, 85 Pac. 152]), yet the conduct of the plaintiff in riding and in continuing to ride in an automobile when he must have known that the driver was intoxicated, established independent negligence upon the plaintiff's part, independent of the driver's negligence, barring the right of recovery. (*Breese* v. *Los Angeles Traction Co.*, 149 Cal. 131, 137, [5 L. R. A. (N. S.) 1059, 85 Pac. 152]; *Meenagh* v. *Buckmaster*, 26 App. Div. 451, [50 N. Y. Supp. 85]; *Read* v. *New York Cent. R. R. Co.*, 123 App. Div. 228, [107 N. Y. Supp. 1068]; *Brommer*

CLXX Cal.—8

v. *Pennsylvania R. Co.*, 179 Fed. 581, [29 L. R. A. (N. S.) 924, 103 C. C. A. 135].)

The judgment and order appealed from are therefore affirmed.

Melvin, J., and Lorigan, J., concurred.