[L. A. No. 3600.   Department One.—March 14, 1916.]

## FOSTER W. PARMENTER, Respondent, v. MARY B. McDOUGALL, Appellant.

NEGLIGENCE—COLLISION BETWEEN MOTORCYCLE AND AUTOMOBILE—QUESTION FOR JURY.—In an action by one riding as a guest on a motorcycle to recover damages for personal injuries resulting from a collision with an automobile at a street crossing, the question whether the driver of the automobile made a sudden and unexpected turn, thus bringing her car into collision with the motorcycle, and whether under the circumstances it was negligence to so act, were questions for the jury.

ID.—AMOUNT OF DAMAGE—AMENDMENT TO CONFORM TO PROOF—FAILURE TO MAKE FORMAL AMENDMENT.—Where pending the trial, the parties stipulated that the court might, and the court did, permit an amendment to the complaint to conform to the proof with regard to the amount of damage, and the case was tried upon the theory that the plaintiff might recover any amount of damage actually proven, the failure to formally amend the complaint in that respect becomes immaterial.

ID.—PASSENGER IN VEHICLE—NONLIABILITY FOR NEGLIGENCE OF DRIVER. A guest or passenger in a vehicle driven or operated by another is not, ordinarily, bound by the negligence of the driver or operator. In other words, the negligence of the driver is not, as matter of law, to be imputed to the passenger.

ID.—PASSENGER LIABLE FOR OWN NEGLIGENCE.—Such rule does not absolve the passenger or guest from the duty of using ordinary care for his own safety, and in an action by him, in which the plea of contributory negligence is interposed, it is error for the trial court to take from the jury the issue of his own negligence.

ID.—NEGLIGENCE OF PASSENGER—QUESTION OF FACT FOR JURY.—Unless the evidence is all one way, the question whether or not the passenger exercised ordinary care is one of fact and must be submitted to the jury. In the present case, the evidence is such as to require such submission.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. J. P. Wood, Judge.

The facts are stated in the opinion of the court.

Benjamin E. Page, Arthur C. Hurt, Arthur F. Coe, and Lyle Pendergast, for Appellant.

Ticknor & Carter, and Leonard L. Riccardi, for Respondent.

SLOSS, J.—This action was brought to recover damages for personal injuries. The plaintiff, while riding on a motorcycle in company with his brother, Benjamin Parmenter, was struck by an electric automobile owned and driven by the defendant. The accident occurred at the intersection of Fremont Avenue and Columbia Street in the city of South Pasadena. Fremont Street runs in a northerly and southerly direction. At its northerly end it connects with Columbia Street, which runs easterly and westerly. The defendant was driving her car northerly along Fremont Avenue, intending to turn to the left and go westerly on Columbia Street. The plaintiff and his brother were coming westerly along Columbia Street, and approaching the intersection with Fremont Avenue. The motorcycle belonged to Benjamin Parmenter, plaintiff's brother. Benjamin was operating the machine, the plaintiff being on the rear seat. As they reached Fremont Avenue, they turned to go southerly down that avenue, and the collision took place at or near the intersection of the two streets. The plaintiff charged that the defendant had negligently made a sharp and sudden turn to the left on coming to Columbia Street, without first crossing to the further side of said Columbia Street, and alleged that this negligence was the cause of the accident. The defendant denied the averments of negligence, and asserted in her answer that the plaintiff had been guilty of contributory negligence.

The action was tried before a jury which returned a verdict in favor of the plaintiff for $7,265. The defendant appeals from the judgment entered on the verdict and from an order denying her motion for a new trial.

There is no merit in the appellant's claim that the evidence was insufficient to support a finding of negligence on her part. We shall not undertake to detail the testimony of the various witnesses. As is usual in cases of this character, there was more or less conflict. But, beyond a doubt, there was testimony to the effect that the defendant had made a sudden and unexpected turn to the left, thus bringing her car into collision with the motorcycle. Whether she did act in this way, and whether under the circumstances it was negligence to so act, were questions for the jury.

The appellant makes the point that the verdict exceeds the amount of damages alleged and demanded in the complaint. But it appears that during the trial the parties stipulated that the court might, and the court did, permit plaintiff to amend his complaint to conform to the proof with regard to the amount of damage. While no formal amendment was made, it is apparent that the case was tried upon the theory that the plaintiff might recover any amount of damages actually proven to have been sustained by him.

Finally, it is claimed that the court erred in its instructions to the jury. Notwithstanding the plea of contributory negligence, the court instructed the jury that they did not have to consider this defense, and that the only question was whether the defendant was guilty of negligence which caused the collision. In its charge, the court used this language: "The evidence shows without contradiction that the plaintiff was at the time of the collision which caused his injuries, riding upon the motorcycle of his brother as his brother's guest, and there is no evidence to show that he had or could exercise at the time in question any control over the action of his brother. Any negligence of that brother which contributed to cause the injury, if there was any, is not a bar to the plaintiff's action." The part of the instruction just quoted is unquestionably correct. It embodies the well-settled rule that a guest or passenger in a vehicle driven or operated by another is not, ordinarily, bound by the negligence of the driver or operator. In other words, the negligence of the driver is not, as matter of law, to be imputed to the passenger. (*Bresee* v. *Los Angeles Traction Co.,* 149 Cal. 131, [5 L. R. A. (N. S.) 1059, 85 Pac. 152] ; *Thompson* v. *Los Angeles etc. R. Co.,* 165 Cal. 748, [134 Pac. 709] ; *Tousley* v. *Pacific Electric R. Co.,* 166 Cal. 457, [137 Pac. 31] ; *Fujise* v. *Los Angeles R. Co.,* 12 Cal. App.

207, [107 Pac. 317] ; *Little* v. *Hackett,* 116 U. S. 366, [29 L. Ed. 652, 6 Sup. Ct. Rep. 391].)

But the court did not content itself with telling the jury that the negligence, if any, of the plaintiff's brother was not to be imputed to plaintiff. It took from the jury the issue of plaintiff's *own* negligence. This was error. True, the plaintiff was not his brother's keeper, but he was bound to use due care to keep himself from injury. As we said in *Thompson* v. *Los Angeles etc. R. Co.,* 165 Cal. 748, [134 Pac. 709], after declaring that the negligence of the chauffeur of an automobile was not to be imputed to the plaintiff, a passenger in the automobile, "it is, of course, true that a passenger in a vehicle operated by another is bound to exercise ordinary care for his own safety." Likewise, in the Fujise case, cited above, the court of appeal said that "the rule" (that the negligence of the driver is not imputed to the passenger) "does not absolve the passenger or guest from the duty of using ordinary care for his own safety. No one can be allowed to shut his eyes to danger in blind reliance upon the unaided care of another, without assuming the consequences of the omission of such care." The same principle is declared in *Bresee* v. *Los Angeles Traction Co.,* 149 Cal. 131, [5 L. R. A. (N. S.) 1059, 85 Pac. 152], and has been applied by courts of other jurisdictions in many cases, a few of which we cite. (*Adler* v. *Metropolitan St. R. Co.,* 84 N. Y. Supp. 877; *Davis* v. *Chicago etc. R. Co.,* 159 Fed. 10, [16 L. R. A. (N. S.) 424, 88 C. C. A. 488]; *Walsh* v. *Altoona etc. R. Co.,* 232 Pa. St. 479, [81 Atl. 551]; *Ewans* v. *Wilmington City R. Co.,* 7 Penne. (Del.) 458, [80 Atl. 634]; *Wachsmith* v. *Baltimore & O. R. Co.,* 233 Pa. St. 465, [Ann. Cas. 1913B, 679, 82 Atl. 755]; *Brommer* v. *Pennsylvania R. Co.,* 179 Fed. 577, [29 L. R. A. (N. S.) 924, 103 C. C. A. 135]; *Trumbower* v. *Lehigh Valley T. Co.,* 235 Pa. St. 397, [84 Atl. 403]; *City of Vincennes* v. *Thuis,* 28 Ind. App. 523, [63 N. E. 315]; *Bush* v. *Union Pac. R. Co.,* 62 Kan. 709, [64 Pac. 624]; *Brickell* v. *New York etc. R. Co.,* 120 N. Y. 290, [17 Am. St. Rep. 648, 24 N. E. 449]; *Canter* v. *City of St. Joseph,* 126 Mo. App. 629, [105 S. W. 1].)

All of these decisions, while recognizing that the negligence of the person operating the vehicle is not imputed to the passenger, hold that the passenger is bound to exercise ordinary care for his own safety, and that whether or not he exercised such care is a question of fact. Unless the evidence is all one

way, this question must be submitted to the jury. We entertain no doubt that the evidence in the case at bar was such that the jury might have found against the plaintiff on the issue of his contributory negligence. There was testimony tending to show that the plaintiff and his brother were riding at a high rate of speed as they approached the intersection of Fremont Avenue, at which they expected to turn southerly. It was testified, further, that on the line of the property at the corner of Columbia Street and Fremont Avenue there was a wall and hedge which shut off Fremont Avenue from the view of anyone approaching the intersection of the two streets as the plaintiff and his brother were approaching it. It might fairly have been inferred from the evidence that the plaintiff knew that his brother intended to make the turn to the south on reaching Fremont Avenue. If the jury believed the facts to be as just outlined, they would certainly have been justified in concluding that ordinary prudence should have suggested to the plaintiff that he and his brother were incurring grave risk in running rapidly to the point of turning into another street, upon which other vehicles, which they could not see, might be approaching the crossing. If the jury had reached this conclusion, it might very well have found that the obligation to exercise ordinary care for his own protection required the plaintiff to request his brother to moderate the speed of the motorcycle before the place of danger was reached. The defendant was entitled to have the issue of contributory negligence answered by the jury. How it would have been answered we cannot of course know. We cannot, therefore, say that the error committed in withdrawing this issue from the consideration of the jury was not prejudicial to the substantial rights of the appellant.

The judgment and the order denying a new trial are reversed.

Shaw, J., and Lawlor, J., concurred.