ANGUS P. PRAUGHT, AS SPECIAL ADMINISTRATOR OF THE
ESTATE OF BERTHA D. PRAUGHT, DECEASED v.
GREAT NORTHERN RAILWAY COMPANY.

ANGUS P. PRAUGHT, AS SPECIAL ADMINISTRATOR OF THE
ESTATE OF ARMELLA PRAUGHT, DECEASED v.
GREAT NORTHERN RAILWAY COMPANY.[1]

December 19, 1919.

Nos. 21,484, 21,485.

**Negligence of driver — reasonable care required of passenger.**
1. While the negligence of the driver of a vehicle is not imputed to
a passenger riding therein, still the passenger is required to exercise
reasonable care for her own safety.

**Contributory negligence question for the jury.**
2. Evidence in this case *held* sufficient to justify the submission of the
question of contributory negligence to the jury.

Two actions in the district court for Wright county to recover for
the death of plaintiff's intestates. The cases were tried together before
Giddings, J., who at the close of the evidence denied defendant's motion
in each case for a directed verdict, and a jury which returned a verdict
in favor of defendant in each case. From orders denying his motions
for new trials, the special administrator appealed. Reversed on reargument.

*Henry Spindler*, for appellants.

*Cobb, Wheelwright & Dille* and *Dille, Hoke, Krause & Faegre*, for respondent.

QUINN, J.

Two actions to recover for the death of plaintiff's intestates, caused by
a collision between an automobile in which they were riding and one of
defendant's passenger trains. The collision occurred at about 9:30 o'clock
in the evening on August 30, 1918, at a crossing of the highway with

[1] Reported in 175 N. W. 998.

defendant's railroad about one mile southeast of Monticello, in Wright county. There was a verdict for defendant in each case, and from an order denying his motion for a new trial plaintiff appeals.

The negligence charged against the defendant was, running its train at an unlawful and dangerous rate of speed and failing to give the required signals as it approached the crossing. The answers contained allegations of contributory negligence on the part of the deceased persons. It is not questioned but that there was testimony sufficient to have justified the jury in finding the defendant guilty of negligence. The trial court submitted to the jury, whether or not the two deceased persons were guilty of contributory negligence. The correctness of this instruction is the sole question here for consideration.

Defendant's line of road extends in a northwesterly direction from Albertville to Monticello, a distance of about ten miles. William, Armella and Bertha Praught, brother and sisters, aged respectively 26, 28 and 22 years, lived together upon their father's farm near Albertville and within one mile of the railroad track. The highway extends west past their home, thence north to the crossing in question. At that point the track is straight, with no obstructions, so that an approaching train might be seen from the highway where it intersects the right of way from the south for a distance of about 2,000 feet. On the evening in question, William, in company with his two sisters, started from their home in his Ford car to go to a dance beyond Monticello, the sisters sitting in the rear seat, and he alone in front driving. They traveled at the rate of from 20 to 25 miles per hour, and upon approaching the right of way slowed down to eight or ten miles. As the automobile reached the track, it came into contact with a rapidly moving passenger train from the northwest, the pilot striking the front wheel and radiator, completely demolishing the car, injuring the driver and killing the two sisters.

But two persons who witnessed the accident testified at the trial. The engineer testified that he first saw the automobile as it approached the right of way when the engine was within about six or seven hundred feet of the crossing; that the headlight was shining brightly, the bell ringing, and that he immediately sounded the whistle; that the train was running about 45 miles per hour; that when the whistle sounded the automobile came up within eight or ten feet of the track and stopped, and

that when the engine was within 60 feet of the crossing the auto started up and came into contact with the pilot. William Praught testified that it was moonlight; that when within 50 or 60 feet of the crossing he slowed down to about eight or ten miles an hour; that he then took a long look, saw and heard nothing, continued at about the same rate of speed and when within five or six feet of the track saw the train right on him; that he first saw the train when within a rod or 20 feet of the track; that his hearing was good, but he heard no signal and the headlight was dim; that both he and his sisters were familiar with the crossing, and that he knew it was about time for the train to pass; that his sisters' hearing and eyesight were good, but that they said nothing to him about the crossing nor of danger. These were all matters which the jury might properly consider in determining whether the passengers were guilty of contributory negligence. While the negligence of a driver of a vehicle is not imputable to a passenger riding therein, still the passenger is required to exercise a proper degree of care for his own safety. Carnegie v. Great Northern Ry. Co. 128 Minn. 14, 150 N. W. 164, and cases there cited.

It is apparent from the testimony that the engineer saw the automobile long before any of the occupants of the automobile saw the train. If it be true, as testified to by the engineer, that the automobile came to a full stop when within eight or ten feet of the railroad track, and, as the locomotive approached the crossing, suddenly started up and was instantly struck by the engine, it would be almost impossible to say that the passengers, having nothing to do with the driving of the car, could have been guilty of contributory negligence; but if, when the automobile approached the right of way, it slowed down to eight or ten miles and proceeded across the track at that rate, then, under the circumstances disclosed by the evidence, the issue of contributory negligence on the part of the passengers became a question for the jury.

In Howe v. Minneapolis, St. P. & S. S. M. Ry. Co. 62 Minn. 71, 77, 64 N. W. 102, the plaintiff was riding in a wagon driven by another, and was injured in a collision between the wagon and one of defendant's trains at a crossing. Plaintiff's testimony, which was the only testimony as to what he did, was that he looked both ways for approaching trains and saw none until within about 25 feet of the crossing when it was too late.

It was held that contributory negligence of plaintiff was a question for the jury.

In the case of Finley v. Chicago, M. & St. P. Ry. Co. 71 Minn. 471, 74 N. W. 174, plaintiff was riding with her husband, at his invitation, in a wagon drawn by his horses which he was driving. He was negligent in failing to look and listen before attempting to cross the railroad track. Held, it was a question for the jury whether she was guilty of contributory negligence in failing to look and listen or to observe that her husband was not using due care, if such was the fact. See also Wilds v. Hudson River R. Co. 29 N. Y. 315, 325; Bush v. Union P. R. Co. 62 Kan. 709, 64 Pac. 624; Donnelly v. Brooklyn City R. Co. 109 N. Y. 16, 15 N. E. 733; Brickell v. N. Y. Cent. etc. R. Co. 120 N. Y. 290, 24 N. E. 449, 17 Am. St. 648; Bresee v. Los Angeles Traction Co. 149 Cal. 131, 85 Pac. 152, 5 L.R.A.(N.S.) 1059; see note 8 L.R.A.(N.S.) p. 597; note L.R.A. 1915A, p. 766.

While it cannot be said in the present case that the passengers riding in the automobile were guilty of contributory negligence as a matter of law, it is our opinion that the court properly submitted to the jury the question of their negligence.

Affirmed.

HOLT, J. (dissenting).

I doubt that there is sufficient evidence in this record to support a finding that plaintiff's intestates were guilty of contributory negligence. If not it was error to submit the issue. They being dead there can be no explanation from them as to why they failed to caution the driver, and the presumption obtains that they exercised due care for their own safety. But even were it conceded that the issue of contributory negligence could be submitted, it seems to me the learned trial court prejudicially affected plaintiff by this part of the charge upon which error is assigned: "Even passengers in an automobile approaching a railroad crossing cannot sit like dumb beasts and pay no attention to their own safety or the conditions and circumstances surrounding them."

DIBELL, J. (dissenting).

In my judgment there was no question of contributory negligence of

the plaintiff's intestates for submission to the jury.

On February 13, 1920, the following opinion was filed:

PER CURIAM.

After a reargument of this cause and due consideration of the matter, a majority of the court are of the opinion that the issue of contributory negligence should be passed upon by another jury, and the order appealed from will therefore be reversed and a new trial granted. The members of the court agreeing to that conclusion are somewhat impressed with the idea that the inadvertent language of the trial court in its instruction to the jury as to the duty of decedents for their own protection in crossing the railroad track, created an adverse impression on the minds of the jury, resulting in the verdict affirming contributory negligence on their part. With a new trial and this feature of the charge omitted, no doubt a fair and impartial verdict upon the particular issue may be had, though the new trial will be had upon all the issues in the case.

Reversed.

DIBELL, J.

I concur in a reversal. I think it should be put upon a definite ground of error, and I would put it upon the ground that there was no evidence for the jury upon the question of contributory negligence.

HALLAM, J.
I concur in this.