## ANGUS P. PRAUGHT, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF ARMELLA PRAUGHT, DECEASED v. GREAT NORTHERN RAILWAY COMPANY.

## ANGUS P. PRAUGHT, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF BERTHA D. PRAUGHT, DECEASED v. GREAT NORTHERN RAILWAY COMPANY.[1]

December 16, 1921.

Nos. 22,542, 22,543.

**Damages not excessive.**

The verdict negativing contributory negligence was sustained by the evidence, and the damages are not so out of proportion to the loss suffered by plaintiff as to justify interference by the court. [Reporter.]

After the former appeal reported in 144 Minn. 309, 175 N. W. 998, the case

[1]Reported in 185 N. W. 965.

was tried before Giddings, J., and a jury which returned verdicts for $3,000 and $1,500 respectively. Defendant's motion for judgment notwithstanding the verdict or for a new trial, was denied. From the order denying its motion for a new trial, defendant appealed. Affirmed.

*Dille, Hoke, Krause & Faegre*, for appellant.

*Henry Spindler* and *F. E. Latham*, for respondent.

PER CURIAM.

These actions were before the court on a former appeal, 144 Minn. 309, 175 N. W. 998. There was a reversal for error in the instructions of the court. A second trial resulted in a verdict for plaintiff in each case. They are now before us on appeal from an order denying a new trial. The only questions presented are: (1) Whether there was error in the charge of the court on the question of contributory negligence; and (2) whether the verdicts are excessive. When the cause was here on the former appeal a majority of the court doubted the sufficiency of the evidence to justify the submission of the question of contributory negligence to the jury. However, the cause was remanded for retrial of that issue and it was so submitted. The evidence on this appeal is substantially the same as found in the former record. Further consideration of the question leads to the conclusion that the verdict negativing contributory negligence is fully supported by the evidence. We further hold that there was no error in the charge of the trial court on that subject, conceding that there was evidence to go to the jury on the question. Lewis v. Chicago, St. P. M. & O. Ry. Co. 111 Minn. 509, 127 N. W. 180.

The damages seem large, but are not so out of proportion to the loss suffered by plaintiff as to justify interference by this court.

Order affirmed.