[L. A. No. 15145. In Bank.—June 25, 1935.]

RITA F. STEWART, Appellant, v. KARL C. WAGENBACH et al., Respondents.

N. D. Papa Dakis, C. S. Mauk, A. P. Michael Narlian, Melvin J. Keane and Daniel F. McSweeny for Appellant.

Paul Nourse and Forrest A. Betts for Respondents.

CURTIS, J.—The petition for a hearing of this cause was granted by this court for the reason that we were in grave doubt as to the correctness of the appellate court's conclusion upon the question of contributory negligence of the deceased. We have carefully studied the evidence in this case bearing upon the question of the contributory negligence of the deceased, and while it is our opinion that the trial court may well have concluded therefrom that the deceased was not guilty of contributory negligence in failing to remonstrate at the rate of speed at which the car was being driven just prior to the collision, as the time in which said remonstrance could have been made was at most only a few seconds, yet we are not prepared to say that from the evidence the trial court was not warranted in drawing the inference that deceased was in duty bound, as a reasonable person, to make such remonstrance, notwithstanding the very brief interval of time during which said car was being driven at an excessive rate of speed. This question was one of fact for the trial court, and its deter-

mination thereof, so long as a reasonable inference could be drawn from the evidence supporting its conclusion, may not be disturbed by a reviewing court. We, therefore, adopt the opinion of the District Court of Appeal, written by Mr. Justice *pro tem.* Hahn, as the opinion of this court. It is as follows:

"This action is one wherein plaintiff sought damages for the death of her minor son, of the age of 18 years, which it is alleged was caused by the gross negligence of defendant Erwin Wagenbach, in whose automobile deceased was riding at the time he received injuries which caused his death.

"Defendants, in addition to denying the allegations of negligence, in their answer set up the plea of contributory negligence on the part of the deceased. The court found in favor of plaintiff on the issue of gross negligence, and in favor of defendants on their plea of contributory negligence. From this judgment plaintiff appeals, urging that the evidence does not support the findings of contributory negligence on the part of deceased.

"The accident in which deceased lost his life occurred about 1 o'clock in the morning while he and two young lady friends were returning home in a one-seated automobile driven by defendant Erwin Wagenbach. So dense was the fog which prevailed, that the lighted street lamps were barely visible to the occupants of the automobile, nor could the driver see the roadway more than 30 feet ahead of his car. While driving at a speed of 50 miles per hour along this highway, which was known to be beset with curves, the car crashed into the street curb at one of these curves. Deceased was thrown from the car, striking the pavement with such force as to cause injuries which resulted in his death. At no time did deceased protest the speed at which the car was being driven, or request that he be allowed to leave the car.

"Appellant's main point on her appeal is that the evidence does not support the court's finding that deceased was guilty of contributory negligence in failing to protest to the driver because of the excessive speed, or in failing to demand opportunity to leave the car. In addition to the general considerations urged in support of this contention it is urged that deceased did not have sufficient time after the high speed was attained within which to make protest before the crash occurred.

758

■ "That the driver of the car was guilty of gross negligence in driving the car at a speed of 50 miles per hour under the conditions existing is not questioned. It would be difficult to conceive of conditions more clearly fraught with danger to the occupants of a car moving at 50 miles an hour than those which affected the car in which deceased was riding on the night of the accident. ■ Whether or not under all the circumstances deceased in the exercise of due care was required to make protest to the driver was a question to be decided by the trial court from the evidence and the inferences to be drawn therefrom. (*Curran* v. *Earle C. Anthony, Inc.*, 77 Cal. App. 462 [247 Pac. 236]; *Shields* v. *King*, 207 Cal. 275 [277 Pac. 1043]; *Parmenter* v. *McDougall*, 172 Cal. 306 [156 Pac. 460], and cases there cited; *Bresee* v. *Los Angeles Traction Co.*, 149 Cal. 131 [85 Pac. 152, 5 L. R. A. (N. S.) 1059].)

"The duty of a passenger in an automobile to exercise due care for his own safety is too well established to require citation of authority. The principle underlying this rule has been succinctly stated as follows: 'No one can be allowed to shut his eyes to danger in blind reliance upon the unaided care of another without assuming the consequences of the omission of such care.' (*Fujise* v. *Los Angeles Ry. Co.*, 12 Cal. App. 207 [107 Pac. 317]; *Parmenter* v. *McDougall*, 172 Cal. 306 [156 Pac. 460].)

"There is evidence in the record that the speed of 50 miles per hour was maintained for more than a quarter of a mile immediately before the crash. To the trial court is particularly intrusted the duty and task of weighing the evidence and determining its worth. Upon the evidence we do not feel warranted in disturbing the findings of the court.

■ "There is no merit in appellant's point that the findings are defective because the court did not specifically find that the negligence of deceased 'proximately contributed' to the accident. The court found the deceased guilty of 'contributory negligence'. The term contributory negligence means negligence on the part of the injured party that contributed proximately with the negligence of the one charged to produce the injuries complained of."

The judgment is affirmed.

Waste, C. J., Shenk, J., Thompson, J., Seawell, J., and Preston, J., concurred.