SHANDY, RESPONDENT, *v.* McDONALD ET AL., APPELLANTS.

(No. 2,604.)

(Submitted February 17, 1909.    Decided March 1, 1909.)

[100 Pac. 203.]

*Conversion—Pleadings—Motion to Strike—Refusal—Evidence—Admissibility — Harmless Error—Cross-examination—Record on Appeal — Certified Copies — Addition — Exemplary Damages—Complaint—Sufficiency.*

Conversion—Pleadings—Motion to Strike—Refusal—Harmless Error.

1. Error in refusing to grant a motion, in an action in conversion, to strike out a portion of the replication which, referring to proceedings on attachment had in a justice's court, were said to contain allegations argumentative in character and charging defendants with gross wrongdoing, was harmless, where during the trial the entire record of the proceedings had in the justice's court was on plaintiff's motion excluded, and where the court in its instructions submitted only the issues presented by the complaint and the denials in the answer.

Same—Evidence—Admissibility—Harmless Error.

2. Where in an action in conversion the court charged the jury that, if they found for plaintiff, they should fix the value of two horses at the figure at which plaintiff bid them in at the judicial sale, together with interest, error in the admission of other evidence touching value was harmless.

Same—Cross-examination—Scope.

3. The court's action in refusing to permit defendants in an action for conversion to cross-examine plaintiff,—who on his examination in chief had testified only as to his claim of ownership and the value of the property,—about matters which had no tendency to throw light upon the things deposed to by plaintiff, was correct.

Same—Evidence—Review—Record.

4. Where the record of attachment proceedings had in a justice's court, offered in evidence in support of the justification pleaded in the answer to an action in conversion, was not incorporated in the bill of exceptions, the propriety of the court's ruling in excluding the evidence will not be reviewed on appeal.

Same—Evidence—Justification—Void Proceedings—Admissibility.

5. *Obiter:* Evidence of proceedings had in a justice's court on a suit in attachment is admissible in an action for conversion of the same property as tending to show good faith on the part of the defendants and to rebut any inference of malice, even though such proceedings were void.

Appeal—Record—Addition—Certified Copies.

6. After a transcript on appeal is filed in the supreme court, nothing may be added to it by such court in the shape of certified copies of papers at the request of the appellant. The review must be had upon the record as made in the district court.

Conversion—Exemplary Damages—Complaint—Sufficiency.
    7. The complaint in an action for damages for a conversion which alleged, *inter alia,* that defendants "did unlawfully, maliciously, fraudulently and oppressively take and carry away" the property in controversy, and refused restitution of the same after repeated demands, was broad enough to warrant inquiry into the motives and behavior of defendants, and to justify the giving of an instruction that exemplary damages might be awarded for oppressively, fraudulently or maliciously withholding the chattels after demand.

Same—Excessive Damages.
    8. Where it is impossible to determine what portion of the damages allowed in an action for conversion was for exemplary damages, and where, after adding to the value of the property the amount expended by plaintiff in pursuit of it, there remained but a small margin for punitive damages, the verdict may not be said to be excessive, even though it was in excess of the value of the property as fixed by all witnesses except the plaintiff.

Same—Exemplary Damages—Jury—Discretion.
    9. The allowance of exemplary damages in an action for a conversion lies within the discretion of the jury under the evidence adduced.

*Appeal from District Court, Missoula County; F. C. Webster, Judge.*

ACTION for conversion by Earl Shandy against F. J. McDonald, sheriff, and J. A. Featherman and another, copartners under the firm name of J. A. & J. B. Featherman. From a judgment for plaintiff, and from an order denying them a new trial, defendants appealed. Affirmed.

*Mr. D. M. Durfee, Messrs. Marshall & Stiff,* and *Mr. Josiah Shull,* for Appellants.

The statute requiring a justice of the peace to keep a docket and enter certain things, therein specified, in the docket, is directory, and the justice, after jurisdiction has once been acquired, acts ministerially. Where a justice has once acquired jurisdiction of the person and of the subject matter, a failure to keep any docket at all would not invalidate the judgment. (*Hickey* v. *Hinsdale,* 8 Mich. 267, 77 Am. Dec. 451.) The justice of the peace having charge and control of his docket may change it at any time so as to make it conform to the facts. (*Ex parte Sternes,* 77 Cal. 156, 11 Am. St. Rep. 251, 19 Pac. 275; *Ex parte Ah Men,* 77 Cal. 198, 11 Am. St. Rep. 263, 19 Pac. 380; *Lynch* v. *Kelly,* 41 Cal. 232; *Knapp* v. *King,* 6 Or.

243; *In re Weber,* 4 N. D. 119, 59 N. W. 523, 28 L. R. A. 639; *Walrod* v. *Shuler,* 2 N. Y. 134.) A justice of the peace acts ministerially, and not judicially, in making up and completing the record of cases tried before him, and may do so at any time, even after his commission has expired. (*Martin* v. *Pifer,* 96 Ind. 245; *Baker* v. *Brintnall,* 52 Barb. (N. Y.) 188.)

A judgment is conclusive upon a collateral attack, and no imperfection or irregularity renders it absolutely void. (*Derr* v. *Wilson,* 84 Ky. 14.) "Recitals in records of judgment are conclusive until reversed by appeal, or set aside in a direct proceeding." (*Ex parte Stern, supra; Goodwin* v. *Sims,* 86 Ala. 102, 11 Am. St. Rep. 21, 5 South. 587; *Ex parte Ah Men, supra; Gage* v. *Stokes,* 125 Ill. 40, 16 N. E. 925; *Robinson* v. *Fries,* 22 Fla. 303; *Peck* v. *McLean,* 36 Minn. 288, 1 Am. St. Rep. 665, 30 N. W. 759.) A judgment is conclusive on all defenses which could have been presented by the exercise of due diligence. (*Hobby* v. *Bunch,* 83 Ga. 1, 20 Am. St. Rep. 301, 10 S. E. 113, and note.)

*Messrs. Hall & Patterson,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Action for damages for a conversion. The property in controversy consisted of horses, mares, harness, saddles, and a buggy. After the usual averments of ownership and possession by plaintiff and of the value of the property, fixed at $1,600, the complaint alleges: That on July 19, 1905, the plaintiff, being in lawful possession thereof together with another large team and a heavy wagon and harness, was on his way to fulfill a teaming contract into which he had entered, requiring the use of all of said property; that defendants, well knowing that plaintiff was not indebted to them in any way, that they had no interest in the property or any right to take or detain it, and also that plaintiff was required to use it in order to fulfill his said contract, which would yield to him a profit of $500 within sixty

days, fraudulently and maliciously to obtain the use of it for themselves, and to deprive the plaintiff of it and put him to great inconvenience, expense and loss of time, maliciously, fraudulently and oppressively, against the wishes and protest of plaintiff, took and carried it away, converting and disposing of it to their own use, to the damage of plaintiff in the sum of $3,000. It is further alleged that plaintiff spent thirty days in the pursuit of his property, besides $300 in money, and that the time so spent was worth $500. It is also further alleged that at various times between July 20 and August 20, 1905, plaintiff demanded the return to him of his said property, but that his demand was in each instance refused, except that on August 3 there were returned to him the large team and the heavy wagon and harness. Judgment is demanded for $3,800 and costs of the action.

The answer contains specific denials of the material allegations of the complaint, except that it is admitted that the property was of the value of $300. It then proceeds to justify the taking under an attachment alleged to have been issued in an action brought by the defendants, J. A. & J. B. Featherman, as copartners, against J. N. Shandy & Sons, also a copartnership, of which the plaintiff was a member, in a justice's court in Granite county, in which judgment was on July 24, 1905, rendered in favor of J. A. & J. B. Featherman, and under an execution issued thereon on the same day to the defendant McDonald, who, as sheriff of Granite county, sold the property to satisfy the judgment. Upon this justification there was issue by reply, denying each allegation as to the bringing of the action, the issuance and service of process therein, the entry of judgment, the existence of the copartnership of J. N. Shandy & Sons, and the connection of plaintiff therewith. It then proceeds at length, by way of special allegations, to attack the judgment on the ground that it was procured by fraud and collusion between the plaintiffs in that action and one G. W. Commons, a justice of the peace, without service of process upon the plaintiff herein and without appearance by him in the ac-

tion. It is sufficient to say of this portion of the pleading that it alleges no fact tending to impeach the judgment which might not have been proved under the preceding denials joining issue upon the justification alleged in the answer. The defendants made a motion to strike out all of it except the denials, on the ground that the matters alleged were immaterial, irrelevant and redundant. The motion was denied. The trial resulted in a verdict and judgment for plaintiff for $1,000. Defendants have appealed from the judgment and an order denying their motion for a new trial.

1. The first contention made is that the defendants were prejudiced by the refusal of the court to strike out the portion of the replication referred to. The argument is that, since the jury were allowed to have with them during their deliberations the pleadings in the case, containing, as they do, many allegations argumentative in character, charging the defendants with gross wrongdoing, they had submitted to them illegitimate argument, which doubtless influenced them in reaching their conclusion upon the evidence. As we shall notice hereafter, however, upon objection of plaintiff that the papers embodying the proceedings before the justice failed to show that he had jurisdiction of the cause or to render any judgment therein, the entire record was excluded; hence the only questions left to the jury to try were whether the defendants took and converted the property, and what was its value. The truth or falsity of the allegations touching the judgment was not at issue. The instructions submitted only the issues presented by the complaint and the denials in the answer. Under these conditions the objectionable matters were in fact withdrawn from the consideration of the jury, and, though the court erred in denying the motion, the error could not have resulted in prejudice. The judgment may not be reversed because of such error. (Revised Codes, sec. 6593.)

2. The court permitted the plaintiff to introduce in evidence a photograph of one of the horses in controversy, taken a few days before the trial. This was objected to as immaterial. The evident purpose was to assist the jury in reaching a conclusion

as to the value of this horse upon the testimony of the plaintiff; his testimony being the only other evidence offered by him on this subject. At one time during his examination he fixed this value at $300, and at another at $500. Subsequently it was developed by his testimony, and that of other witnesses, that when the sale took place he had employed one of defendants' witnesses to purchase this and another one of the animals for him, agreeing to pay the witness $5 for his services, and that he secured both at a cost of $130. In this connection the court instructed the jury that, if they found for the plaintiff, in arriving at the amount of their verdict they must fix the value of these two animals at $130, the sum it cost the plaintiff to regain them, and add interest at the legal rate from the date of the sale up to the date of the trial. This instruction excluded from the consideration of the jury all other evidence as to the value of these animals. Therefore, it is not necessary to express an opinion as to the propriety of this ruling. Whether the photograph was material or not at the time it was offered and admitted, the finding of the jury could not have been controlled or affected by it in the least.

During his cross-examination the plaintiff, after stating that, when a deputy sheriff took the property from his possession, he (the deputy) handed him two little papers, but that, as he could not read or write, he did not take them or have anything to do with them, said: "This was on the 19th. There was a trial before Judge Commons at Drummond after that about three days." He was then asked: "How did you know there was a trial?" Upon objection by counsel he was not permitted to answer. It is said that the ruling was an improper restriction of the right of cross-examination. This right extends not only to the matters of fact testified to by the witnesses in chief, but also to all facts and circumstances directly or indirectly connected therewith, which tend to enlighten the jury upon the question at issue. (*Kipp* v. *Silverman*, 25 Mont. 296, 64 Pac. 884; Revised Codes, sec. 8021.) But the questioner may not, under the guise of cross-examination, go into the merits of his cause of action or

defense. (*Borden* v. *Lynch*, 34 Mont. 503, 87 Pac. 609.) If the evidence sought had any materiality, it would have tended to reflect upon defendants' justification under the proceedings in the justice's court, and not to throw light on plaintiff's claim or the value of the property in controversy, the only matter upon which plaintiff had testified. There was no error in the ruling.

The most serious contention arises upon the action of the court in excluding from the evidence the record of the proceedings had in the justice's court, offered in support of the justification pleaded in the answer. We are compelled to forego consideration of it, however, for the reason that the transcript contains none of these proceedings, and it is impossible to determine whether the action was properly instituted and resulted in a judgment against the plaintiff as a member of the copartnership of J. N. Shandy & Sons, or not. When the copy of the justice's docket and the files in the case were offered, objection was made, among others, that it did not appear therefrom that an action had been instituted by the filing of a complaint with the justice. Since an action can be instituted only by the filing of a formal complaint, or, what is its equivalent, by the filing of a copy of the account, bill, bond or instrument upon which the action is brought, with a statement of the amount due thereon (Revised Codes, sec. 6993), the justice could not issue an attachment or proceed to judgment without this prerequisite. In the absence from the bill of exceptions of any copy of his docket and the files in the case, this court has nothing before it by which it can determine the propriety of the court's action in excluding the evidence. Even if, as counsel insist, it was competent to supplement the justice's docket by oral evidence of the fact that a complaint was filed, which they offered to do, yet, since the papers are not before us, we can only guess what legal effect should be assigned to them. The rule has frequently been announced by this court that it will not review the action of the trial court upon the exclusion of evidence, unless it is apparent from the question put to the witness what the evidence sought to be elicited is, or unless an offer of proof is made sufficiently ex-

plicit and comprehensive to make this appear, and the offered evidence is incorporated in the bill of exceptions. (*Haupt* v. *Simington*, 27 Mont. 480, 94 Am. St. Rep. 839, 71 Pac. 672; *Tague* v. *John Caplice Co.*, 28 Mont. 51, 72 Pac. 297; *First Nat. Bank* v. *Carroll*, 35 Mont. 302, 88 Pac. 1012.) The rule laid down in these cases is applicable here, and precludes this court from looking into the merits of this contention.

We are inclined to the opinion, though the point is not made by counsel, that even if the proceedings in the justice's court were void, they were nevertheless admissible as tending to show good faith on the part of the defendants, and as rebutting any inference of malice. (*Dorsey* v. *Manlove*, 14 Cal. 553.)

After the transcript was filed in this court, counsel for defendants presented certified copies of all these proceedings and asked to have them considered a part of the record. This court has no power to add anything to the record made up by the district court. The review here must be upon the record as made, and upon which the order denying the motion for a new trial was predicated. (*Robinson* v. *Helena L. & Ry. Co.*, ante, p. 222, 99 Pac. 837.)

Other errors are assigned upon the court's rulings upon the admission and exclusion of evidence. In some instances no exception was saved to the ruling, and in others the contentions are not of sufficient merit to require special notice. For illustration, defendants contend that they should have been permitted to supplement the recitals in the justice's docket by oral evidence showing that a complaint was filed, that a trial was regularly had after appearance and answer of defendants, and that judgment was thereupon rendered in conformity with the requirements of the statute. In the absence of the record of the proceedings, however, it would be a matter of speculation to undertake a review of the court's action in rejecting the evidence.

3. As a part of its charge, the court instructed the jury as follows: "The court instructs the jury that if they believe from the evidence that the defendants in instituting the action and suing out the attachment and levying on the property mentioned

and described in the complaint, or in holding the same after de-
mand, were not moved to so do by malicious or oppressive motives,
then all that the plaintiff can recover in this action is such
damage as you may believe from all the evidence in the case will
compensate plaintiff for the loss that he sustained, which is the
reasonable market value of the property taken and such actual
expense as you may believe the plaintiff to have incurred in
pursuing and trying to regain possession of the property up to
the time of the institution of this action." This paragraph was
requested by the defendants, but, as requested, did not contain
the clause "or in holding the same after demand." The court
gave it after inserting this modification. Another paragraph
embodied the provisions of the statute (Revised Codes, sec.
6047) that, "in any action for a breach of an obligation not
arising from contract, where the defendant has been guilty of
oppression, fraud or malice, actual or presumed, the jury, in
addition to the actual damages, may give damages for the sake
of example, and by way of punishing the defendant."

The contention is made that the complaint charges only that
the taking was actuated by malice and fraud, and that the court
in giving the instruction authorized the jury to consider an ele-
ment of damage not covered by the pleading. This contention
involves the assumption that, if the allegations of the complaint
are broad enough, any malicious, fraudulent, or oppressive con-
duct on the part of the defendants in withholding the property
after demand for its return should have been considered by the
jury in determining whether the plaintiff was entitled to recover
exemplary damages. This assumption seems to be proper.
(Sedgwick on Damages, sec. 374; *Taylor* v. *Morgan,* 3 Watts
(Pa.), 333; *Dennis* v. *Barber,* 6 Serg. & R. (Pa.) 420.) In our
opinion the complaint is broad enough in its scope to warrant
inquiry into the motives and behavior of the defendants not
only at the time of taking, but also after demand made, for the
allegation is: "That said defendants, well knowing that this
plaintiff was in no manner indebted to them or either of them,
and that they and neither of them had any right or authority to

in any manner take or detain any of the above-described property of plaintiff, but well knowing that plaintiff required said goods and chattels to perform said contract which would give plaintiff a profit of $500, within sixty days, and fraudulently and maliciously to obtain plaintiff's said property for their own use and benefit, and to oppressively deprive plaintiff thereof, knowing that such taking and detention would cause plaintiff to be put to great inconvenience, expense and loss of time, and deprive him of the means of performing said contract   *   *   * did   *   *   *   unlawfully, maliciously, fraudulently, and oppressively take and carry away said horses, goods, and chattels, *   *   *   '' This statement is supplemented by allegations of repeated demand for restitution, which were all refused. There is no merit in the contention.

4. Some contention is made that the verdict is not justified by the evidence, in that it is much in excess of the value of the property as fixed by all witnesses except the plaintiff, and that the amount found cannot be based upon the statement of any one of the witnesses. Upon examination of the evidence we find this statement to be true; but it is impossible to determine therefrom how much the jury awarded to the plaintiff in the way of exemplary damages. If we take the highest value fixed for the property by the witnesses for the defendants, and add to it the amount of money the plaintiff spent in pursuit of his property prior to the bringing of the action, about which there seems to be no dispute, this makes a sum which leaves a comparatively small margin for exemplary damages, if in fact the jury awarded such. At best we cannot arrive at any other conclusion than that the verdict is well within the purview of the evidence, and, since the allowance of exemplary damages was within the discretion of the jury, we do not think that we should disturb their verdict.

Let the judgment and order be affirmed.

*Affirmed.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.