SHERRIS, APPELLANT, v. NORTHERN PACIFIC RY. CO.
ET AL., RESPONDENTS.

(No. 3,918.)

(Submitted June 17, 1918. Decided September 30, 1918.)

[175 Pac. 269.]

*Personal Injuries—Minors—Railroad Crossings—Automobile
Passengers—Contributory Negligence—Harmless Error.*

Personal Injuries—Minors—Contributory Negligence.
1. *Held,* under the rule that after a child has reached the age of
fourteen years he is presumed capable of contributory negligence,
that a minor within a few months of majority who had supported
himself since he was fifteen years old doing farm work and acting
as a chauffeur, could properly be charged with such negligence in his
action for personal injuries sustained in an automobile accident while
riding in the machine as the guest of the driver.

Same—Imputed Negligence.
2. *Quaere:* Where personal injury is suffered by one riding in an
automobile as the guest of the driver, is the negligence of the latter,
who does not sustain the relation of employee or agent to the former,
imputable to the guest?

[As to negligence of driver of automobile as imputable to occu-
pant, see note in **Ann. Cas. 1916E, 268.**]

Same—Duty to Avoid Danger—Contributory Negligence.
3. Every person is bound to an absolute duty to exercise his intelli-
gence to discover and avoid dangers that may threaten him because
of the culpable negligence of another, and therefore plaintiff in a
personal injury action based on such negligence must show that he
did so exercise his intelligence at the time of the accident.

Same—Railroad Crossings—Automobiles—Guest of Driver—Contributory
Negligence.
4. Plaintiff who, as the guest of the driver of an automobile, was
riding on the front seat of the machine when approaching a railroad
crossing, was required to exercise his intelligence to avoid the dangers
incident thereto, and could not blindly rely upon the unaided care
and vigilance of the driver for his safety without assuming the con-
sequences of his negligence.

Same—Imputed Negligence—Instructions—Harmless Error.
5. Where the jury properly found that plaintiff was guilty of con-
tributory negligence and therefore could not recover damages, the
giving of an erroneous instruction touching the doctrine of imputed
negligence was nonprejudicial.

*Appeal from District Court, Missoula County; Asa L. Dun-
can, Judge.*

ACTION by R. O. Sherris, an infant, by W. C. Sherris, his
guardian *ad litem,* against the Northern Pacific Railway Com-

pany and another.  Judgment for defendants and plaintiff appeals.  Affirmed.

*Messrs. Maury, Templeman & Davies* and *Mr. Gilbert J. Heyfron,* for Appellant, submitted a brief; *Mr. J. O. Davies* argued the cause orally.

The question of the imputed negligence of the driver of an automobile to the passengers in the car and those riding by invitation has been before the courts of this country in the last few years more frequently than any other question of the law of negligence, and with the exception of New York, and perhaps one or two other states following the New York rule, we believe we are justified in saying that the courts of this country are unanimous in holding that the negligence of the driver of an automobile, where the relation of employer and employee or agent does not exist, can never be imputed to the passenger, whether the passenger be minor or adult.  (*Chickasha St. Ry. Co.* v. *Marshall,* 43 Okl. 192, 141 Pac. 1172; *Tonseth* v. *Portland Ry., Light & Power Co.,* 70 Or. 341, 141 Pac. 868; *Birmingham-Tuscaloosa Ry. & Utilities Co.* v. *Carpenter,* 194 Ala. 141, 69 South. 626; *Hackworth* v. *Ashby,* 165 Ky. 796, 178 S. W. 1074; *Perkins* v. *Galloway,* 194 Ala. 265, L. R. A. 1916E, 1190, 69 South. 875; *Johnston* v. *Delano,* 175 Iowa, 498, 154 N. W. 1013; *Igino* v. *Metropolitan St. Ry. Co.* (Mo. App.), 179 S. W. 771; *Weber* v. *Philadelphia & R. Co.,* 88 N. J. L. 398, 96 Atl. 54; *Hunt* v. *North Carolina R. Co.,* 170 N. C. 442, 87 S. E. 210; *Chicago & E. R. Co.* v. *Biddinger,* 61 Ind. App. 419, 109 N. E. 953; *Lawrence* v. *Sioux City,* 172 Iowa, 320, 154 N. W. 494; *City of Louisville* v. *Heitkemper's Admx.,* 169 Ky. 167, 183 S. W. 465; *Sanders* v. *Taber,* 79 Or. 522, 155 Pac. 1194; *Denton* v. *Missouri K. & T. Ry. Co.,* 97 Kan. 498, 155 Pac. 812; *Siever* v. *Pittsburgh, C. C. & St. L. R. Co.,* 252 Pa. St. 1, 97 Atl. 116; *Parmenter* v. *McDougall,* 172 Cal. 306, 156 Pac. 460; *Collins' Exrs.* v. *Standard Acc. Ins. Co.,* 170 Ky. 27, Ann. Cas. 1917D, 59, 185 S. W. 112; *Hermann* v. *Rhode Island Co.,* 36 R. I. 447, 90 Atl. 813.)

*Messrs. Gunn, Rasch & Hall* and *Mr. William F. Wayne,* for Respondents, submitted a brief; *Mr. E. M. Hall* argued the cause orally.

The doctrine of imputed negligence has been the law of this state for over twenty-two years, and during that period it has never been modified or even criticised by any subsequent decision of this court, nor has the legislature ever seen fit to change the law by legislative enactment. (*Whittaker* v. *City of Helena,* 14 Mont. 124, 43 Am. St. Rep. 621, 35 Pac. 904.)    The Michigan and Wisconsin cases, followed by this court in the *Whittaker Case,* have been reaffirmed and followed in numerous cases in those states from that time down to the present. (*Ritger* v. *Milwaukee,* 99 Wis. 190, 74 N. W. 815; *Olson* v. *Luck,* 103 Wis. 33, 79 N. W. 29; *Lightfoot* v. *Winnebago Traction Co.,* 123 Wis. 479, 102 N. W. 30; *Lauson* v. *Town of Fond du Lac,* 141 Wis. 57, 135 Am. St. Rep. 30, 25 L. R. A. (n. s.) 40, 123 N. W. 629; *Mullen* v. *Owosso,* 100 Mich. 103, 43 Am. St. Rep. 436, 23 L. R. A. 693, 58 N. W. 663; *Kneeshaw* v. *Detroit United Ry.,* 169 Mich. 697, 135 N. W. 903; *Granger* v. *Farrant,* 179 Mich. 19, 51 L. R. A. (n. s.) 453, 146 N. W. 218; *Kane* v. *Boston Elevated Ry. Co.,* 192 Mass. 386, 78 N. E. 485; *Fogg* v. *New York etc. R. R. Co.,* 223 Mass. 444, 111 N. E. 960.)

Many cases hold that where the plaintiff and the driver were engaged in a common purpose or enterprise, as they were in this case, then the negligence of the driver is imputable to the plaintiff.    This appears to be the general rule, and where, under such circumstances, the plaintiff's previous experience is such that he should have knowledge of the dangers incident to driving such vehicle or car in the manner or under the conditions existing, and voluntarily elects to ride and trusts to the other man's driving, the law seems to be settled that he assumes the risk of injury from the negligence of the driver and that such negligence is imputed to him. (*Rebillard* v. *Minneapolis etc. Ry. Co.,* 216 Fed. 503, L. R. A. 1915B, 953, 133 C. C. A. 9; *Wentworth* v. *Waterbury,* 90 Vt. 60, 96 Atl. 334; *Beaucage* v. *Mercer,* 206 Mass. 492, 138 Am. St. Rep. 401, 92 N. E. 774;

*Washington & O. D. Ry. Co.* v. *Zell's Admr.*, 118 Va. 755, 88 S. E. 309.)

A person riding with another, who is driving, must also exercise ordinary care to discover danger and avoid injuries at railway crossings, and if he fails to do so his own contributory negligence will bar a recovery. (*Brommer* v. *Pennsylvania R. Co.*, 179 Fed. 577, 29 L. R. A. (n. s.) 924, 103 C. C. A. 135; *Read* v. *New York Central etc. R. Co.*, 123 App. Div. 228, 107 N. Y. Supp. 1068; *Cable* v. *Spokane & Inland Empire R. Co.*, 50 Wash. 619, 23 L. R. A. (n. s.) 1224, 97 Pac. 744; *Wentworth* v. *Waterbury*, 90 Vt. 60, 96 Atl. 334; *Pouch* v. *Staten Island Midland Ry. Co.*, 142 App. Div. 16, 126 N. Y. Supp. 738; *Colorado & S. Ry. Co.* v. *Thomas*, 33 Colo. 517, 3 Ann. Cas. 700, 70 L. R. A. 681, 81 Pac. 801; *Crosby* v. *Maine Central R. R. Co.*, 113 Me. 270, L. R. A. 1915E, 225, 93 Atl. 744 (a boy twelve years old); *Bush* v. *Union Pac. R. Co.*, 62 Kan. 709, 64 Pac. 624 (a girl seventeen years old); *Missouri K. & T. Ry. Co.* v. *Bussey*, 66 Kan. 735, 71 Pac. 261; *Dean* v. *Pennsylvania Ry. Co.*, 129 Pa. St. 514, 15 Am. St. Rep. 733, 6 L. R. A. 143, 18 Atl. 718.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Action for damages for a personal injury caused by a collision of a train of the defendant railway company with an automobile in which plaintiff was being driven by Orville Black. The complaint alleges that the collision was caused by the negligence of the defendant McCann, the engineer, in pushing several cars by means of a switch engine at an excessive rate of speed over the defendant company's track, designated as the east-bound main track, where it crosses Harris Street in the company's yards in the city of Missoula, without ringing the bell or sounding the whistle, there being no flagman at the crossing to warn persons approaching along the street, and the cars not being provided with a lookout or a warning light. The defendants, denying all the acts and omissions charged as negli-

gence, alleged that the plaintiff was guilty of negligence which contributed to his injury in this: (1) That Orville Black, who was driving the automobile, knew that the view along the track in the direction from which the train came was obstructed by a car standing on a parallel track over which he must pass to reach the crossing where the collision occurred; that he drove the automobile at a high rate of speed, without stopping it or reducing its speed, or taking any precaution to ascertain whether a train was approaching, and that the collision was caused by Black's negligence, which must be imputed to the plaintiff; and (2) that plaintiff himself was guilty of contributory negligence in permitting Black to approach the crossing as he did, without giving him any warning or making any protest until it was too late to avoid the collision. Upon these defenses plaintiff joined issue by reply. The trial resulted in a judgment for the defendants. The plaintiff has appealed.

The contention is made by counsel in his behalf that the court erred in submitting to the jury instructions which in effect told them that, if they should find that Black was guilty of negligence, they should return a verdict for the defendants, thus recognizing the doctrine of imputed negligence. Counsel argue that the doctrine can have no application to this case, because the plaintiff was a minor when the accident occurred. To sustain this contention they cite and rely upon the decision of this court in *Flaherty* v. *Butte Electric Ry. Co.*, 40 Mont. 454, 135 Am. St. Rep. 630, 107 Pac. 416. They also contend that the rule that the negligence of a driver of a vehicle is to be imputed to a person riding with him as his guest, when the driver does not sustain the relation toward the guest of employee or agent is unsound, and should be repudiated by this court, notwithstanding the early decision in *Whittaker* v. *City of Helena*, 14 Mont. 124, 43 Am. St. Rep. 621, 35 Pac. 904, in which the rule was recognized and applied. Both contentions must be overruled.

At the time of the accident, plaintiff was within a few months
[1]　of twenty-one years of age. He had been permitted by

his father to maintain himself from the time he had attained the age of fifteen years. He had lived away from home, wherever he could find employment, earning wages by doing ordinary farm work, by feeding a threshing machine during the threshing season, by breaking horses, and by performing services for his employer as a chauffeur. The general rule is that after a child has reached the age of fourteen years he is presumed, as a matter of law, to be capable of contributory negligence. (White's Supp. to Thompson on Neg., sec. 315; 20 R. C. L., p. 128.) The underlying principle of the *Flaherty Case* is that since a child of tender years—one under three years of age—has not the capacity to commit his person to the custody of another, he is not chargeable with the negligence of another who occupies toward him the relation of parent or legal custodian, however gross such negligence may be. The plaintiff does not come within the rule of this case, but is subject to the general rule above stated.

It is true that the doctrine upon which the decision in the [2] *Whittaker Case* is based has been repudiated as unsound both in England and by the courts of almost all the states in the Union. For a full discussion of the subject, with a review of both English and American cases, reference may be had to the leading case of *Shultz* v. *Old Colony St. Ry. Co.*, 193 Mass. 309, 118 Am. St. Rep. 502, 9 Ann. Cas. 402, 8 L. R. A. (n. s.) 597, 79 N. E. 873. In that case the court, speaking through Mr. Justice Rugg, stated the rule thus: "With some modifications in its application to particular cases, the general rule is that, where the injured person and the driver do not occupy the position of master and servant, passenger and carrier, parent and child, and where the plaintiff is himself in the exercise of due care, having no reason to suspect carelessness or incompetency on the part of the driver, and is injured by the concurring negligence of the driver of the vehicle and some third person, the guest is not precluded from recovery against the third person by reason of the negligence of the driver." For the purposes of this case, however, we are not required to enter upon

[3]    a review of the authorities to determine whether the *Whittaker Case* should be overruled.    Every person is bound to an absolute duty to exercise his intelligence to discover and avoid dangers that may threaten him.    When, therefore, a plaintiff asserts the right of recovery on the ground of culpable negligence of the defendant, he is bound to show that he exercised his intelligence to discover and avoid the danger, which he alleges was brought about by the negligence of the defendant. In recognition of this general rule, and in order to meet the alternative presented by the defendants' second defense, the court also submitted instructions which authorized the jury to inquire whether, in view of the circumstances disclosed by the evidence, the plaintiff himself failed to exercise the care and diligence of an ordinarily prudent person, and for this reason was guilty of contributory negligence, and directed them, if they should so find, to return their verdict for the defendants.

Counsel do not question the correctness of these instructions in point of law; nor do they suggest that they were not properly submitted.    Indeed, in face of the general rule referred to above, their correctness cannot be questioned; for though the [4] negligence of Black should not be imputed to the plaintiff, still the plaintiff was not absolved from the duty of using ordinary care for his own safety.    Though the guest of Black, he could not close his eyes to the danger which might be encountered at the crossing, in blind reliance upon the unaided care and vigilance of Black, without assuming the consequences of a disregard for his own safety.    (*Bresee* v. *Los Angeles T. Co.*, 149 Cal. 131, 5 L. R. A. (n. s.) 1059, 85 Pac. 152; *Parmenter* v. *McDougall*, 172 Cal. 306, 156 Pac. 460; *Brickell* v. *New York C. & H. R. R.*, 120 N. Y. 290, 17 Am. St. Rep. 648, 24 N. E. 449; *Shultz* v. *Old Colony St. Ry. Co., supra; Dean* v. *Pennsylvania R. Co.*, 129 Pa. 514, 15 Am. St. Rep. 733, 6 L. R. A. 143, 18 Atl. 718; *Nesbit* v. *Garner*, 75 Iowa, 314, 9 Am. St. Rep. 486, 1 L. R. A. 152, 39 N. W. 516; *Davis* v. *Chicago Ry.*, 159 Fed. 10, 16 L. R. A. (n. s.) 424, 88 C. C. A. 488; *Brommer* v. *Pennsylvania Ry. Co.*, 179 Fed. 577, 29 L. R. A. (n. s.) 924,

103 C. C. A. 135; *Canter* v. *City of St. Joseph,* 126 Mo. App. 629, 105 S. W. 1; *Bush* v. *Union Pac. Ry. Co.,* 62 Kan. 709, 64 Pac. 624; *Cable* v. *Spokane & Inland Empire Ry. Co.,* 50 Wash. 619, 23 L. R. A. (n. s.) 1224, 97 Pac. 744; *Wentworth* v. *Waterbury,* 90 Vt. 60, 96 Atl. 334; Shearman & Redfield on Neg., sec. 66a.)

The testimony introduced by the plaintiff is best illustrated by a brief description of the yards and the conditions existing at the time of the collision. The collision occurred in the evening, after dark. The main line of the road extends east and west, and consists of two tracks, designated as the east-bound main track and the west-bound main track; the latter being north of the former. In approaching the east-bound main track, one is obliged to cross seven other tracks, besides the west-bound main track. These may be designated as tracks 1, 2, 3, 4, 5, 6 and the caboose track; the latter being thirty-two and one-half feet distant from the east-bound main track. One passing over tracks 1 and 2 cannot readily observe the movements of cars or engines in the yards toward the west, because of a high platform used for icing cars, which extends to the west for several hundred feet along the north side of track 3. After passing over this track the view of the east-bound main track is open for many hundred feet to the west, except when it may be obstructed by cars standing on one or more of the intervening tracks. At the time of the accident there were no cars on any of these tracks, save one or two cabooses standing on the caboose track, the east end of the nearest being about twenty-seven feet west of Harris Street. After passing track 3, the view toward the west was wholly unobstructed, except for these cabooses. There was an arc-light suspended about thirty feet high over Harris Street, near the north rail of the caboose track. The yard was dark, except so far as objects were made visible by this light. From a point about midway between track 6 and the caboose track, and about forty-three feet from the east-bound main track, the view was open beyond the east end of the nearest caboose for a distance of eighty-six feet. From

the north rail of the caboose track, the view was open for a distance of 155 feet. From the south rail, the view was open for some 380 feet. The ground declines slightly from about track 6 all the way to the east-bound main track. At this time it was covered with snow and ice. As to the correctness of this statement there was no substantial conflict, except that plaintiff testified that there were two cabooses standing on the caboose track, whereas the defendants' evidence showed that there was only one. The engineer, McCann, was engaged in turning cars which belonged to local trains and placing them on their appropriate tracks. In the process of doing this the cars were moved toward the west along the east-bound main track, and from that switched over to the adjoining tracks. The plaintiff testified that he sat in the front seat of the automobile by the side of Black; that Black drove into the yards at the rate of six or eight miles an hour; that the wheels of the automobile were not provided with chains; that when it reached track 6, Black shut off the power and allowed the automobile to drift along in high gear; that it was making no noise; that, as they approached the main line, both he and Black kept a constant lookout, glancing to the right and left; that he could not see a train approaching from the west until he had passed the caboose track; that he heard no noise of any kind; that as they passed this track he glanced to the right, then to the left, and again to the right; that Black did the same; that as he glanced to the right the second time he discovered the train coming from the west on the east-bound main track; that it was made up of several cars, two of which were being pushed by an engine; that there was no person on the front of the foremost car, nor any light; that the bell of the engine was not rung, nor the whistle sounded; that the train was approaching at a rate about twice as fast as Black was driving, and that, when he saw the train, Black was looking to the left; that he called to Black, who at once put on the brake to stop, but that the automobile skidded along until it came so near the east-bound track that it was struck by the step of the front car and pushed around until it

faced to the east, with the result that plaintiff, in the act of jumping to save himself, was thrown to the ground and injured. The testimony of Black was substantially the same as that of plaintiff, except that he stated that he was driving at the rate of eight or ten miles an hour; that the train was fifteen or eighteen feet from the crossing when he first saw it, moving at about the same rate as that at which he was driving; that a Ford automobile, such as he was driving, could ordinarily be brought to a stop in ten or twelve feet, but that under the conditions then existing he could not say what distance was required.

The testimony of the defendants' witnesses was to the effect that the automobile was going at about the same rate as the train, or a little faster, and that it reached the crossing at the same time the train did; that when the train left the switch-track to the west, to come upon the cast-bound main track, the engineer, McCann, sounded the whistle; that the bell was rung from then until the collision occurred; that two switchmen were riding on the front steps of the front car, both of whom carried lighted lanterns; that the automobile was observed by them when it was about forty feet from the crossing, and that upon a signal from one of them the engineer again sounded the whistle and turned on the air; that the automobile proceeded until it was struck by the front step of the car. The evidence of these switchmen showed that, when the train came to a stop, the automobile, after it was pushed around by the car-step, had proceeded in the same direction in which the train was going for a distance of forty-two feet before it came to a stop.

Upon the assumption that the evidence of the plaintiff made out a case for the jury as to whether the defendants were guilty of negligence, the verdict upon the whole case indicates that they reached one of three different conclusions: (1) That the defendants were not guilty of any negligence; (2) that, though they were, Black was guilty of contributory negligence, which was properly imputed to the plaintiff; or (3) that the plaintiff was guilty of contributory negligence. It cannot be deter-

mined, of course, whether the jury reached the first conclusion indicated or not. In view of all the circumstances, it was within the province of the jury to reject entirely the evidence of both Black and the plaintiff, and accept that of the defendants. If, however, they considered the question of contributory negligence at all, the presumption becomes necessary that they found the plaintiff himself guilty, and made this finding the basis of their verdict. For, the accounts of plaintiff and Black agreeing in all essential particulars and it appearing that plaintiff was fully aware of the danger, had the same opportunity as Black to observe whether a train was approaching, and relied upon his own efforts to protect himself from harm just as did Black, it seems clear that the jury could not have found Black guilty, and the plaintiff not guilty. Upon this theory the finding of the jury was clearly correct, and should be upheld, [5] though it be conceded, as we have done, that the doctrine of imputed negligence, as approved in the *Whittaker Case, supra,* is unsound, and that the trial court erred in instructing the jury as it did. The error thus committed could not have prejudiced plaintiff's rights, and does not justify a reversal of the judgment. The case falls within the rule of the statute which forbids this court to reverse a judgment because of any error or defect in the proceedings not affecting the substantial rights of the parties. (Rev. Codes, sec. 6593; *Eadie* v. *Eadie,* 44 Mont. 391, Ann. Cas. 1913B, 479, 120 Pac. 239; *Robinson* v. *Helena L. & Ry. Co.,* 38 Mont. 222, 99 Pac. 837; *Shandy* v. *McDonald,* 38 Mont. 393, 100 Pac. 203.)

The judgment is affirmed.

*Affirmed.*

Mr. Justice Sanner and Mr. Justice Holloway concur.