KEITH, RESPONDENT, v. GREAT NORTHERN RAILWAY CO., APPELLANT.

(No. 4,430.)

(Submitted June 9, 1921.   Decided July 1, 1921.)

[199 Pac. 718.]

*Railroads — Crossing Accident — Automobiles — Contributory Negligence—Failure to Look and Listen.*

Railroads—Crossing Accident—Automobiles—Duty to Make Act of Looking and Listening Effective.
1.  One approaching a railroad crossing must use his senses vigilantly to determine whether or not a train is approaching before he goes on the track, and if necessary to make his act of looking and listening reasonably effective, stop at such point as will accomplish that purpose.

Same—Evidence—Contributory Negligence.
2.  Where, in an action to recover damages for injuries to plaintiff's automobile caused by a collision with defendant's train at a railroad crossing, it appeared from the evidence that, after he saw the train, he had twenty-six feet before he reached the crossing within which to stop, and could have stopped within a distance of seven feet if traveling at a rate of eight miles an hour, as testified to by him, with the car under proper control, and that he did not apply the brakes until after the front wheels of his automobile were on the track, he was guilty of contributory negligence as a matter of law, and therefore barred from recovery of damages.

———————

1.  On duty of driver of automobile as to stopping, looking and listening before crossing railroad track, see notes in **Ann. Cas. 1915B, 682; Ann. Cas. 1915B, 678; 46 L. R. A. (n. s.) 702.**

*Appeal from District Court, Lewis and Clark County; R. Lee Word, Judge.*

ACTION by Forrest E. Keith against the Great Northern Railway Company. Judgment for plaintiff. Defendant appeals. Reversed, with directions to enter judgment for defendant.

*Mr. I. Parker Veazey, Jr., Mr. W. H. Clift,* and *Mr. R. H. Glover,* for Appellant, submitted a brief; *Mr. Clift* argued the cause orally.

It was contended on the trial that the opinions of this court in the *Mason Case (Mason* v. *Northern Pac. R. Co.,* 45 Mont. 474, 124 Pac. 271) and the *Walters Case (Walters* v. *Chicago, M. & P. S. R. Co.,* 47 Mont. 501, 46 L. R. A. (n. s.) 702, 133 Pac. 357) had so modified the "stop, look and listen" doctrine, that the rules enunciated in the *Hunter Case (Hunter* v. *Montana Cent. R. Co.,* 22 Mont. 525, 57 Pac. 140), the *Sprague Case (Sprague* v. *Northern Pac. R. Co.,* 40 Mont. 481, 107 Pac. 412), and in the *Meehan Case (Meehan* v. *Great Northern R. Co.,* 43 Mont. 72, 114 Pac. 781) were no longer in effect in this state; that the traveler on the highway is not now required to either stop, look or listen, in approaching a railroad crossing, and that by virtue of the rules laid down in the *Mason* and *Walters Cases,* crossing cases, socalled, no longer involve anything but questions of fact for a jury. We do not so interpret the decisions in the *Mason* and *Walters Cases.* In the latter case, the *Sprague* and *Hunter Cases* are cited as authorities, and there is nothing in either the *Mason* or *Walters Case* which amounts to even an implied overruling of the doctrine previously laid down by this court in the earlier cases. Even though it may be said that the traveler is charged merely with the duty of exercising ordinary care and prudence in approaching a railroad crossing, he is remiss in his duty if he fails to use his senses as he approaches the crossing and look and listen for trains which might be

approaching, stopping, if necessary, to make the looking and listening effective; and a traveler on a public highway cannot escape the charge of contributory negligence if he drives an automobile on to a railroad track at a crossing where the view of approaching trains is so obscured that looking and listening would be futile unless he stops in a place of safety near the track and there attempts to look and listen for approaching trains. (*Ft. Wayne & N. I. Traction Co.* v. *Schoeff*, 56 Ind. App. 540, 105 N. E. 924; *Dernberger* v. *Baltimore & O. R. Co.*, 243 Fed. 41; *Thompson* v. *Southern Pac. Co.*, 31 Cal. App. 567, 161 Pac. 23; *Fluckey* v. *Southern Ry. Co.*, 242 Fed. 470; *Beemer* v. *Chicago, R. I. & P. Ry. Co.*, 181 Iowa, 642, 162 N. W. 43; *Robinson* v. *Oregon-Wash. R. & N. Co.*, 90 Or. 490, 176 Pac. 594; *Pershing* v. *Detroit G. H. & N. Ry. Co.*, 206 Mich. 304, 172 N. W. 530; *Hanigan* v. *Philadelphia & R. R. Co.*, 257 Pa. 236, 101 Atl. 640; *Cline* v. *Chicago, M. & St. P. Ry. Co.*, 198 Ill. App. 163; *Nucci* v. *Colorado & S. Ry. Co.*, 63 Colo. 582, 169 Pac. 273.)

While in the light of the foregoing decisions it is not negligence *per se* in all cases for travelers on public roads and streets, on approaching a railroad crossing, not to stop as well as to look and listen for trains before attempting to cross the track, yet in a case where there is no room for an honest difference between reasonable minds as to whether or not the driving on to the railroad track was consistent with the care that a man of ordinary prudence would use under the circumstances, the court may find as a matter of law that plaintiff is guilty of negligence contributing to his injury.

*Mr. H. S. Hepner*, for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE REYNOLDS delivered the opinion of the court.

Plaintiff brought action against defendant to recover damages to a Ford automobile and sewing-machine by reason of

their being struck by a train of defendant company at its crossing on Oak Street, in the city of Helena. Verdict and judgment were rendered in favor of plaintiff. Defendant appeals from the judgment.

The vital point involved in these appeals is whether or not plaintiff was guilty of contributory negligence as a matter of law, barring his recovery. The evidence discloses the following undisputed facts: Oak Street runs in a northerly and southerly direction. As plaintiff approached the crossing from the north, he was proceeding at a rate of speed in excess of eight miles an hour. The view of the railroad track was obstructed by buildings on each side of the street until he reached approximately the northerly line of the right of way. Plaintiff's own testimony was that he was about twenty-six feet from the north rail of the track when he first saw the train, which was then heading into the block. His statement of his actions from the time he saw the train was as follows: "When I came in sight of the road .[railroad] I saw the train coming, and I shut off, and I thought it would easily stop before I got in front of the train, at the speed it was going. I shut her right off. The front wheel went across the track. It is planked for only one rig, one team, or whatever it might be to cross, and when she came around, the front wheel had touched the track; the right front wheel came off the planking and struck this rail, that is, the rail next to me, the way I was coming up, and it skidded me down the track. I put the brake on and jumped off as I saw it. It probably went three or four feet before it stopped."

From the foregoing statement it appears that from the time plaintiff saw the train until he reached the track he merely shut off the power and allowed the car to coast, but did not apply the brakes, thinking that the automobile would stop before he reached the track. It coasted farther than he thought it would, and the right front wheel went off the planking, struck the rail, and caused the automobile to skid down the track, at which time he applied the brake, stopping it within

three or four feet from the planking.    The automobile was a comparatively new one, and the brakes were in good condition.

The rule as to the caution with which one must approach [1] a railroad crossing in this state without being guilty of negligence has been thoroughly established, and requires a person to use his senses vigilantly to determine whether or not a train is approaching, before he goes upon the track.    This requires that he use his eyes and ears, and, if necessary to make his looking and listening reasonably effective, he must stop at such point as will accomplish that purpose.    The case of *George* v. *Northern Pac. Ry. Co.*, 59 Mont. 162, 196 Pac. 870, involves facts very similar to those of this case, and is conclusive upon the question here to be determined.    There the rule is stated by Chief Justice Brantly, as follows: ''This statement of the rule requires the person approaching a railway crossing to take all reasonable precaution to assure himself by actual observation that there is no danger from an approaching train.    The failure of the persons in charge of the train to keep a lookout and to give warning signals of its approach to the crossing does not relieve the traveler from the necessity of making a vigilant use of his senses to ascertain whether it is safe to proceed.    (*Railroad Co.* v. *Houston,* 95 U. S. 697, 24 L. Ed. 542 [see, also, Rose's U. S. Notes]; *Hunter* v. *Montana Central Ry. Co.,* 22 Mont. 525, 57 Pac. 140.)    It is not always sufficient if he does look and listen. The obligation resting upon him is to exercise care to make the act of looking and listening reasonably effective.    (*Sprague* v. *Northern Pac. Ry. Co.,* 40 Mont. 481, 107 Pac. 412.)    If he goes upon the crossing without taking this precaution, he is guilty of contributory negligence, and, if injured, cannot recover.''

From the evidence in this case it appears that if plaintiff was [2] not traveling to exceed eight or ten miles an hour, he could have stopped his automobile within a space of seven feet without injury to the car.    He had twenty-six feet after he saw the train within which to make his stop.    The conclusion is

irresistible, either that he was traveling at a rate of speed so far in excess of eight miles an hour that he did not have his car under proper control so that he could stop within the twenty-six feet, or, if he was not traveling to exceed the eight miles an hour as he testified, that he did not use reasonable or ordinary diligence to bring his car to a stop. From his own testimony he did not even apply the brakes until after the front wheel was on the track. These facts present a situation of inexcusable neglect and failure even to use the means at his disposal for his safety, and which, it would seem, would be the first means to be applied by any ordinary person to escape the danger of the approaching train after such danger was seen. The plaintiff was guilty of contributory negligence, as a matter of law, without which the accident would not have happened and which is a complete bar to his recovery.

The judgment is reversed, with directions to the district court to enter judgment for defendant.

*Reversed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.